YARRUT, Judge.
Defendant-Appellant appeals from a judgment in favor of Plaintiffs-Appellees in the sum of $9158.15 on the main demand, with credit for $838.86 allowed on the re-conventional demand, plus the taxing of expert fees in the sum of $250.
Suit was filed by Goodrich A. Romero, Earl R. Romero and Stanley P. Romero, alleging they were doing business as Blue Ribbon Cleaners, a commercial co-partnership, in Jefferson Parish; and that, as the owners of a plot o-f ground in Jefferson Parish, they entered into' a written contract with Defendant, as contractor, on February 28, 1957, for the construction thereon of a single story, cement and brick, commercial building, in accordance with plans and specifications, for a total cost of $23,661.72; that, notwithstanding they paid the full contract price to Defendant, he failed to remedy certain defects, which they detailed, coupled with the omnibus phrase “among others” not specified, and demanded specific performance of Defendant to correct the defects. In addition, Plaintiffs demanded $10,000 as damages for mental anguish, loss due to the frequent turnover of employees, and loss of business and prestige in con *391 nection with their cleaning and pressing business conducted in the premises.
Defendant first filed exceptions of no right or cause of action and vagueness; then filed an answer generally denying all claims for damages, with the reconventional demand to recover $2143 for extra work. By stipulation, all exceptions were referred to the merits and the case tried.
There was judgment for Plaintiffs for $9158.15, $4158.15 for cost of remedying structural defects, plus $5000 for loss suffered by the cleaning and pressing establishment. Defendant was allowed a credit on his reconventional demand of $838.86, instead of the $2143 claimed.
On the trial of the case, when objection was made to the proof of any items not specifically detailed by Plaintiffs, the court permitted the evidence, subject to the objection and, at the conclusion of the case, continued the matter to give Defendant an opportunity to produce evidence in rebuttal. Defendant, on the resumption of the trial, produced an expert, who testified at length. Defendant’s present objection to the testimony is not well-founded. He consented that his exception of vagueness, instead of being disposed of in limine, be referred to the merits. He availed himself of the opportunity, afforded him by the continuance, to completely cure what otherwise would have been a valid objection of vagueness, and surprise.
The exceptions of no right or cause of action were not passed on by the court, but were apparently overruled by the character of the judgment rendered. The basis of the exceptions is that, having alleged themselves to be a partnership, the suit should have been brought in the name of the partnership and not in the name of the individual partners. This objection is not proper with respect to the claim for remedying the structural defects, since Plaintiffs were co-owners in indivisión of the real estate, and individually entered into the construction contract with Defendant. A partnership does not own an immovable. It is owned individually by the individual members or those in whose name the title stands on the public records. Plaintiffs were correct in bringing the suit in their own names for breach of the building contract. The mere statement that they were conducting the business as Blue Ribbon Cleaners was harmless surplusage.
The exception of no right of action as it relates to the damage sustained by the partnership, due to loss of business and prestige, having been referred to the merits by consent, it would serve no purpose now to maintain the exceptions and dismiss this phase of the suit, or remand it for further proceedings or pleading amendment. As the record stands, with all interested parties actually before the court, notwithstanding technical error in pleading, and all having had a full opportunity to prosecute or defend all issues, we think it appropriate to invoke LSA-C.C.P. Art. 2164 and render the judgment we consider just, legal and proper upon the record on appeal. To do otherwise would only invite another costly and useless suit.
The construction contract was executed on a standard form, with plans and specifications, interim financed through a local bank, who designated Robley Gelpi as its expert to approve the progress payments, as set forth in the contract. Mr. Gelpi approved the payments and testified that, when-he visited the job preparatory to approving the payments, he considered the work was properly done. He did not visit the job since completion, and frankly admitted that the defects complained of could well have existed without his having observed them.
Defendant contends that since Mr. Gelpi was designated as the expert his decision as to performance was final, and Plaintiffs cannot now challenge his approval The contract specifically provides that the approval of the work and ultimate payment would not deprive the owners of the right *392 to assert any claim for defective work within the time specified by law. Furthermore, the record shows that complaint was made •of the defective work before Plaintiffs made their final payment, as a condition •of which Defendant agreed to correct all defects and deficiencies. Hence, the objection that Mr. Gelpi’s approval of the progress payments estopped Plaintiffs to complain is completely unfounded.
Mr. Albert G. Bear, an architect since 1911 and a witness for Plaintiffs, made a complete written report in April 1959, after a thorough inspection. He testified as to the defects that were apparent and in violation of the plans and specifications, and estimated the cost, which he verified with contractors and sub-contractors, none of whom appeared in person to testify, other than Henry F. Rappold, employee of a roofing contractor and an expert on roofing, who verified Mr. Bear’s testimony as to the cost of roofing repairs. The trial judge was impressed with. Mr. Bear’s testimony, and accepted his testimony in lieu of that of the expert called by Defendant upon the resumption of the trial.
Defendant’s expert was practically reared in the construction business, with 21 years experience as carpenter, superintendent and foreman for reputable contractors. He first examined the work shortly before the resumption of the trial and made the whole inspection in about an hour. He did not bring his work sheets to the trial, and on direct examination gave only the cost of material, and then added to it the labor cost on cross-examination. This expert was a personal friend of Defendant and Defendant’s counsel.
On the reconventional demand for $2143 extra work, the court only allowed $838.86. The main item in recon-vention was $1400 cost of construction of a rear shed. The court deducted $520 for a concrete floor included in the original plans and specifications, plus $161.24 lumber that Plaintiffs are credited with having furnished. This credit of $161.24 is improper, because the lumber was excess material on the job furnished by Defendant and not needed for the original construction, but was used for extra work; hence Defendant furnished this lumber as extra and is entitled to credit therefor, so the allowance for the extra work should be increased by $161.24, or to $1000.10.
With reference to the claim for mental anguish and loss of profits for the partnership, we feel the basis of this claim is that a door separating two rooms of the building permitted heat to escape, to the discomfort of employees of the partnership, causing many to resign with repeated replacements, necessitating farming out of its business to other shops which performed substandard work to Plaintiffs’ loss of prestige.
Plaintiffs contend that Defendant, for a period of nearly four months after the work was completed, daily promised to repair the door, but failed to do so. Finally, they had the offending door repaired at a cost of only $5.15, and the difficulty and the alleged losses occasioned thereby were completely terminated.
Plaintiffs completely failed to prove this element of damage, but did prove such loss, if any, was due to their own procrastination and failure to minimize such loss by a minor repair costing only $5.15. The only testimony is the testimony of the three partners that they suffered this loss, without any supporting figures or the testimony of any employee. LSA-C.C. Art. 2323; Armistead v. Shreveport & R. R. Val. Ry. Co., 108 La. 171, 32 So. 456; Scheinuk the Florist, Inc. v. Southern Bell Telephone & Telegraph Co., La.App., 128 So.2d 683; Bertuccini v. Toye Bros. Yellow Cab Co., La.App., 11 So.2d 247; Interurban Transp. Co. v. F. Strauss & Sons, La.App., 196 So. 367.
For the reasons assigned, the judgment of the district court is amended, and it is now ordered, adjudged and decreed, that there be judgment in favor of Plaintiffs in *393 the sum of $4158.15, less credit in favor of Defendant, on his reconventional demand, of $1000.10, or a net judgment in favor of Plaintiffs in the sum of $3158.05, with legal interest from judicial demand; each party to pay their own costs, including experts’ fees.
Judgment amended and affirmed.