According to the petition, this is a general municipal election contest. The Town of Slidell, in accordance with law, ordered a general election to be held, on June 11, 1946, throughout the said town to elect a Mayor and Board of Aldermen of five members. There were, at said election, ten candidates who qualified for election as members of the Board of Aldermen, of which plaintiff and defendant were participants. According to the returns of the commissioners in charge of the said election, the defendant received 482 votes and was the fifth ranking candidate, while plaintiff received 481, and was sixth ranking candidate.
On June 12, 1946, the Mayor and Board of Aldermen for the said town met, received, examined and canvassed the returns *Page 508 
of said election and officially promulgated the result of the said election, the process verbal of which was duly published on June 13, 1946. The result of the examining, canvassing and promulgation of the returns of said election was the declaring of the defendant as having been duly elected as the fifth member of the Board of Aldermen for the said town; all in accordance with Sections 38 and 39 of Act No. 136 of 1898, as amended.
The petition further sets forth that the commissioners, in their return, counted seven ballots of persons who had voted by attaching affidavits to their ballots, five of whom had voted for defendant while two of whom had voted for plaintiff.
The petition further sets forth the following:
"6. That in thus permitting the said voters to vote under their own affidavit as set forth in Art. 5 herein the commissioners of the said election did not require the said voters to establish their identity and right to vote by the written affidavits of two bona fide residents of the said town and respective precincts as required by Section 34 of Act No. 224 of the State of Louisiana for the year 1940, and said voters voted in said election without the said written affidavits of said bona fide residents being required, produced or furnished in any way.
"7. That as set forth by the said act it is essential and absolutely necessary in all cases where the right of any person to vote is challenged for any cause as was the case with the said voters voting under their own affidavit as set forth in Art, 5 herein that their identity and right to vote be established by the affidavits of the said two bona fide residents as set forth in Art. 6 hereof and by Section 34 of said act. Consequently all of the ballots cast by said voters under affidavit as set forth in Art. 5 herein were illegal, null, void and of no effect, and should not have been counted by the said commissioners in compiling the returns of said election, and likewise should have been eliminated by the Mayor and Board of Aldermen of the Town of Slidell in canvassing and promulgating said election.
"8. That as five of the said illegal ballots as shown in Article 7 herein and as enumerated in Article 5 herein, were cast for the defendant John G. Sloat that number should have been deducted from the total vote of 482, leaving a total of 477 as the legal and correct number of ballots cast at said election for the said defendant. Likewise as two of the said illegal ballots were cast for petitioner that number should have been deducted from his total vote of 481 leaving a total of 479 as the legal and correct number of ballots cast at the said election for petitioner.
"9. That as shown by Article 8 herein your petitioner did receive a higher number, by two, of the legal votes cast at the said election than the defendant received, and therefore was legally the fifth ranking candidate to receive the highest number of votes cast at said election instead of the defendant as was erroneously shown by the returns canvass and promulgation of the said election.
"10. That as your petitioner has herein fully shown he was duly and legally elected by the people to the municipal office of alderman of the Town of Slidell, Louisiana, in said election held June 11, 1946, instead of the defendant; that the petitioner has the legal right to said office, and therefore he does hereby contest the said election in accord with the laws of the State of Louisiana in such cases made and provided, especially Act No. 24 of the State of Louisiana for the year 1894, in order that he may receive the said office of alderman to which he is legally and justly entitled."
In the alternative, plaintiff alleges that
"12. * * * that the said election as between petitioner and defendant for said office resulted in a tie between them for the following reasons viz.:
"13. That as shown in Art. 5 hereof the voter E.F. Holdsworth did vote at said election in precinct No. 1 of the said Town and did vote for the defendant.
"14. That the said voter E.F. Holdsworth was at the time said election was held a duly qualified voter of Precinct No. 1 of the Eight Ward of St. Tammany Parish, Louisiana; was not in any respect a *Page 509 
qualified voter of Precinct No. 1 of the Town of Slidell, Louisiana, which is located in the Ninth Ward of St. Tammany Parish, Louisiana; and had no legal right whatever to vote in said municipal election held in the Town of Slidell, Louisiana, on June 11, 1946.
"15. That the ballot cast by the said E.F. Holdsworth in said election was therefore absolutely illegal, null, void, and of no effect and should not have been counted by the said commissioners in compiling the returns of the said election and likewise should have been eliminated by the Mayor and Board of Aldermen of the Town of Slidell in canvassing and promulgating said election.
"16. That when said illegal ballot of the said E.F. Holdsworth is deducted, as it should be, from the total of 482 votes counted for the defendant as herein before shown the proper and legal total for the defendant would be 481 votes, exactly the same number of votes as received by your petitioner.
"17. Hence as the proper correct and legal return or result of the said election between petitioner and the defendant was that they received the same number of votes and that they were tied for the fifth place in the highest number of votes cast for the offices of aldermen of the said town, the election for the fifth alderman of the said town should be returned to the people and again held as provided by law.
"18. That considering the alternative plea of your petitioner as to the illegal ballot of the said E.F. Holdsworth it is clear that a majority, or at least a plurality, of the legally qualified voters of the Town of Slidell have been deprived of their right to decide whether they desire your petitioner or the defendant to hold the office of the fifth alderman of their said town for the ensuing term, and therefore the said election as to the said office should again be held between petitioner and defendant to decide the tie now existing between them."
Plaintiff's prayer is in conformity with his petition. Defendant interposed an exception of no cause and of no right of action.
On hearing, the trial court maintained the exceptions and plaintiff's suit was dismissed at his costs. Plaintiff has appealed.
Plaintiff's action on his main demand is founded on his allegations set forth in Articles 6 and 7, supra, and his alternative demand is founded on Article 14, supra. All the other allegations are merely his conclusions presumably of law.
The question then is whether or not the petition discloses a right or cause of action.
The pertinent provisions of law are the following:
Section 34 of Act No. 224 of 1940 (the General Election Law) reads as follows: "That when in any election the right of any person offering to vote is challenged for any cause recognized by law, the commissioners shall require the name, occupation, age and residence of the person offering to vote. The Commissioners shall examine such person offering to vote upon his oath, and if a majority of the commissioners then present are satisfied that such applicant is a legal voter of said ward and precinct, (in our case, a legal voter for the town of Slidell) they shall permit him to vote, but in all cases such person so offering to vote must establish his identity and right to vote by the written affidavits of two bona fide residents of said board and precinct, (in our case, the Town of Slidell) such affidavit to be taken before one of the Commissioners in the same; provided, that nothing contained in this section shall be so construed to permit Commissioners to receive any vote which by law they are required to refuse. Said Affidavits shall be placed in the ballot box."
Section 35 of Act, supra, reads as follows: "That it shall be the duty of the Registrar of Voters or other registering officers of each parish to deliver to the Board of Supervisors of each parish, at least twenty-four hours before the day and time fixed for the opening of the polls therein, the list of the voters registered for each precinct and polling place, securely wrapped, scaled and marked; the list shall contain the number of the registration, place of residence, age, race and occupation of each voter in the election precinct *Page 510 
where the polling place is situated, and shall be certified by the Registrar of Voters to be correct, and it shall be the duty of the Commissioner to check the name of each voter who is about to vote upon said list * * *. And no person shall vote at any election whose name has not been previously placed on said list, nor until the commissioners find and check his name thereon; provided, that no legal voter shall be denied the right because his name has been accidentally omitted from said list or incorrectly written or printed thereon; provided further, that any voter whose name has been so accidentally omitted therefrom shall make affidavit in writing to that effect, before said commissioner, and said affidavit shall be preserved as part of the election returns and be enclosed in the box provided for the return of the ballots. It shall be the duty of the Board of Supervisors to transmit to the Commissioners of Election at each precinct, and before the time fixed for the opening of the polls, the poll book provided for such precinct."
Section 80 of said Act, supra, provides: "That should there be any conflict between any of the provisions of this Act and any of the provisions of the Primary Election Law, passed at this session of the Legislature, or heretofore passed, the provisions of the Primary Election Law [Act No. 46 of 1940] shall govern, the repealing clause of this law to the contrary notwithstanding."
Section 58 of Act No. 46 of 1940, the Primary Election Law, provides that it is the duty of the Registrar of Voters, seven days prior to the holding of an election thereunder, to prepare a complete list of the voters, by precincts, entitled to vote in the said election, certify to same, and at least five days before the said election deliver the same to the party holding said election (in our case the Town of Slidell) without any cost or charge whatsoever. The list shall not contain the name of any elector not qualified to vote at such election.
Section 62 of Act No. 46 of 1940 provides that the commissioners and watchers, or any qualified voter, shall have the right to challenge any voter for cause.
Section 73 of said Act provides that any ballot which is protested for any reason shall have attached to it by the commissioners a memorandum setting forth the grounds of protest, and the name of the voter and the name of the challenger, who may be any qualified voter, and the challenged voter shall be required to sign the poll list. It shall be unlawful for any commissioner or any other person to prevent any such protest from being attached to the ballot or to remove any protest at any time from such ballot.
Section 74 of said Act provides that immediately after the closing of the polls and the signing and the swearing to the poll lists, the commissioners shall proceed to publicly canvass the votes; they shall make a tally sheet in triplicate and shall tabulate the votes, and sign the same and swear to their correctness and publicly announce the result to the bystanders. If, for any reason, a commissioner has cause to object to anything in connection with the casting or counting of the vote, he shall have a right to note such protest or objection on the tally sheet at the time of signing the same.
The section of Act. No. 224 of 1940 relating to the canvass and count of ballots by the commissioners is Section 17, which only provides that the canvass and count of the ballots shall be begun immediately upon the closing of the polls and shall be proceeded without interruption or delay until completed.
Section 3 of Article VII of Act No. 45 of 1940 requires the Registrar of Voters to file a complete certified list by ward and precinct of the registered voters of the parish with the clerk of the district court of such parish not later than twenty days prior to the date of any primary, general or special election. The list so filed shall be open to the inspection of any qualified voter at all times; in our case the qualified voter for a general election in the Town of Slidell.
The mere reading of these several sections of laws passed by the Legislature in the year 1940 shows that there are several *Page 511 
conflicts between Acts Nos. 45, 46 and 224. There is also a conflict between Sections 34 and 35 of Act No. 224 of 1940 which is very apparent. Because of said conflict plaintiff contends that his case is controlled by Section 34, while defendant contends that Section 35 controls. Be that as it may, following the mandate to us as provided for by Section 80 of Act No. 224 of 1944, supra, we feel that it is our duty to follow the jurisprudence now well established by this court and the Supreme Court dealing with primary election cases.
[1] There are no allegations in plaintiff's petition to show that he or some one else challenged these parties with the right to vote nor the reasons why the affidavits were required. Nor does he allege that he or any one else objected to the counting of these votes by the commissioners at the time of tallying the results of the election, or even when the Mayor and Board of Aldermen for the Town of Slidell met to canvass the returns of the commissioners and promulgate the result of said election. It is our understanding of the jurisprudence dealing with election contest cases that it is incumbent on plaintiff to set out clearly in his petition the irregularities complained of.
Since the petition does not state the reasons why these votes, including that of E.F. Holdsworth, were challenged, we may assume, that these voters' names appeared on the lists of voters as furnished by the Registrar of Voters and were challenged for other causes such as not residing within the corporate limits of the Town of Slidell and/or, in the case of Holdsworth, as not residing within the town of Slidell for a period of four months prior to the said general election, after compliance with his change of voting precinct within the same parish.
[2] Under such assumption, under the decisions of this court, it is now well settled that the challenges to their voting are in the nature of a collateral attack upon the registration of such voters, and as such, they were not permissible in a proceeding contesting an election. See LeBlanc v. Primeaux et al., La. App., 2 So.2d 274, and the cases therein cited.
This decision is written on the further presumption that the Registrar of Voters for the Parish of St. Tampiany did his duty as required by law and that the Commissioners of the Election and the Mayor and Board of Aldermen likewise did their legal duties as required by law.
[3] It is now well settled that the returns which election commissioners make under oath showing the results of an election are presumed to be correct and are entitled to respect and such election returns cannot be inquired into by the courts on the vague and indefinite allegations that the commissioners incorrectly tabulated the votes as in our case.
For these reasons assigned, the judgment appealed from is affirmed.