PER CURIAM.
Due to the press of time in cases involving election contests and having found the statement of the facts by our learned brother to be correct, we, therefore, will adopt that portion of his opinion, and we quote:
“This is a suit brought by Percy J. Herrin against Ezra E. Reviere under the provisions of LSA-R.S. 18:364 contesting the nomination of the said Ezra E. Reviere as school board member from the 6th Ward, St. Tammany Parish, at the second Democratic primary election held September 27, 1958.
“The Democratic Executive Committee of St. Tammany Parish officially promulgated the nomination of Ezra E. Reviere on the 3rd day of October, 1958 and this present suit was filed by the plaintiff, Percy J. Herrin, October 4, 1958. Under the provisions of LSA-R.S. 18:364 these contested election results are required to be set down for a hearing not more than five days after the order for same is issued, but by a stipulation between the attorneys filed in the record the time for a hearing was extended until October 15, 1958 at 10:00 o’clock A. M. Both parties were represented by counsel. It was further stipulated that defendants would have until October 13, 1958 at 4:00 o’clock P. M. to file pleadings in this cause.
“On the said date of October 13, 1958, defendant, Ezra E. Reviere, filed an exception of no cause and no right of action and an answer in the form of a general denial. According with the stipulation the matter was set down for trial and taken up at 10:00 o’clock Wednesday, October 15, 1958.
“The issues involved in this case simply and briefly stated are these: plaintiff alleges that both plaintiff and defendant, Ezra E. Reviere, were qualified electors and registered voters and residents of Ward 6, St. Tammany Parish, and plaintiff further alleges that both plaintiff and defendant possess all of the qualifications fixed by law to be a candidate for said primary election and that they were both certified by the Democratic Executive Committee as a result of the first primary election to be runoff candidates for the second primary election which was held on September 27, 1958 *14 and that both of said parties to this contest entered into said second primary and were candidates for nomination to the office of School Board Member from the 6th Ward of St. Tammany Parish.
“Plaintiff further alleges that as a result of the second primary election Ezra E. Reviere was declared the nominee of the Democratic Party for the office of School Board Member, St. Tammany Parish, from Ward 6.
“Plaintiff alleges that plaintiff received 318 machine votes and that Ezra E. Reviere received 313 machine votes, giving plaintiff in this suit, Percy J. Herrin, a majority of 5 machine votes. Plaintiff further alleges that there were 81 absentee and military ballots cast; plaintiff Percy J. Herrin receiving 21 absentee votes and the defendant, Ezra E. Reviere, receiving 60 absentee votes. The totals of both the machine and absentee and military ballots give Percy J. Herrin 339 votes and Ezra E. Reviere 373 votes, a difference of 34 votes in favor of Ezra E. Reviere, defendant in this suit.
“Plaintiff does not attack the legality nor the accuracy of the machine votes but plaintiff does attack the legality of S3 of the absentee and military ballots, leaving 28 absentee and military ballots not questioned.
“Plaintiff alleges that four persons who cast absentee ballots could not read and write. Plaintiff further alleges in Article IX, paragraph 2 of his petition, that 27 persons who cast absentee ballots were non-residents of Ward 6, St. Tammany Parish, being residents of other wards, parishes and states and therefore not qualified to vote. Plaintiff further alleges in Article IX, paragraph 4 of his petition, that 17 persons who cast absentee ballots for the reason that they intended to be away from the 6th Ward, St. Tammany Parish, on election day, had in fact, no intention of being away from the 6th Ward on election day and were, in fact, actually present or at their homes in the 6th Ward, St. Tammany Parish, on election day. Plaintiff further alleges in Article IX, paragraph 5 of his petition, that 2 persons who cast absentee ballots cast these ballots on Sunday. Plaintiff further alleges in paragraph 6 of Article IX of his petition, that chain absentee balloting was in evidence and was inaugurated by one Madison Singletary who attempted to vote an absentee ballot, making the necessary affidavit, going into the booth, but not placing the ballot in the envelope, retaining the ballot and walking out with it; and further alleges in paragraph 7, that one disfranchised person voted an absentee ballot.
“All of these allegations by plaintiff are denied by defendant except that defendant concurs with plaintiff’s allegations that both candidates were properly qualified, denying only the controversial issues in this suit.”
The lower court sustained the exception of no cause or right of action filed herein.
The allegations of plaintiff’s petition are insufficient to show a legal protest as to any voter and, in fact, counsel for plaintiff admits that plaintiff’s “alleged protest” was only verbal, which is a fatal defect in his alleged cause of action.
LSA-R.S. 18:352 specifically provides, and we quote:
“A ballot protested for any reason shall have attached to it by the commissioners a memorandum setting forth the ground of protest, the name of the voter, and the name of the challenger, who may be any qualified voter. The challenged voter shall be required to sign the poll list. No person shall prevent such protest from being attached to the ballot or shall re *15 move a protest at any time from the ballot.”
Under the settled jurisprudence, it was the mandatory duty of plaintiff to strictly adhere to the above quoted provision before an attack could be allowed or sustained as to any particular voter. See Bradley v. Neill, 174 La. 702, 141 So. 382.
Another fatal defect in plaintiff’s cause is to collaterally attack the registration of voters. The proper procedure would have been to purge the registration roll. See Turregano v. Whittington, 132 La. 454, 61 So. 525, 527; Hinyub v. Sloat, La.App., 29 So.2d 507.
Plaintiff also prays that the election be declared null and void and for a re-run on the ground of fraud, the specific allegations reading as follows:
“5b. That persons were paid money to vote for Ezra E. Reviere, especially in the absentee balloting.
“6. That chain absentee balloting was in evidence, and was inaugurated by Madison Singletary, who attempted to vote a absentee ballot by making the necessary affidavit, going into the booth, not placing the ballot in the envelope, and placing the envelope in the ballot box, retaining the ballot and walking out with it.”
Therefore, in the above allegation of fraud, plaintiff specifically named only one voter.
We conclude that on the face of plaintiff’s petition, it does not state a cause of action for without a protest in accordance with the law, and with a denial of a collateral attack upon the registration of voters, together with his failure to allege specific fraud as to specific voters, he cannot challenge the unidentified voters, nor could he hope to set the election aside.
For the above reasons, the judgment appealed from is affirmed.