| 14 | 355 |
| 46 | 895 |

## Cohn & Bruen *v.* L. Levy.

A lease made by a third party and defendant, is properly rejected when offered in evidence in a suit, as between a plaintiff not a party to the lease and defendant. And so is testimony tending to prove facts not alleged.

On an allegation of a written lease, no evidence can be offered to prove one by parol.

An amendment should be presented before going into trial.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *Durant & Hornor* and *C. V. Jonte*, for plaintiff and appellants. *Wm. H. Hunt*, for appellee. *J. B. Cotton*, for *Shaw & Co.*, Intervenors.

LAND, J. The plaintiffs alleged that the defendant was indebted to them, in the full sum of $733 34, for rent of store No. 94, St. Charles street, in this city, as shown by the account, and *act of lease annexed to and made a part of their petition*.

They further alleged, that the defendant had abandoned the premises, absconded, and left the State, and prayed for, and obtained a writ of provisional seizure, which was executed on the property of the defendant, found on the leased premises.

Various creditors of the defendant intervened in the suit, and claimed to be paid by preference out of the proceeds of the property provisionally seized.

On the trial, the plaintiffs offered in evidence the act of lease annexed to their petition, to the introduction of which, the intervenors objected, on the ground that it was a lease between other parties, and not the plaintiffs and defendant— the objection was sustained, and thereupon plaintiffs' counsel moved the court to allow him to amend his pleadings in the language of the bill of exceptions, "*not with the view of changing the nature of the suit, but to throw out the said written lease*," which amendment was refused by the court upon objections made by intervenor's counsel; after which, plaintiffs counsel offered *D. Bidwell*, a witness, to prove the correctness of the account referred to in the petition, and annexed thereto, and to prove that novation of the old lease had taken place, and a verbal lease was passed between said *D. Bidwell*, agent, sometime subsequent to the said

COHN
v.
LEVY.

written lease—to which, also objection was made, and sustained by the court, and thereupon the plaintiffs took a bill of exceptions to these various rulings of the District Judge.

There was no error in the rejection of the testimony offered by plaintiffs, first, because the act of lease annexed to the petition, was a contract between one *Newman Peswœnsky* and the defendant; and secondly, because the other facts which the plaintiff sought to prove, *were not alleged in their petition.*

The plaintiffs having alleged a *written lease*, could not offer evidence *of one by parol. Fisk* v. *Cannon,* 1 N. S. 346. *Delogny* v. *Smith,* 3 L. 420. *Nicholls* v. *Creditors,* 9 R. 476.

The plaintiffs did not present their amendment before going to trial, and under the circumstances of this case, it was not improperly rejected. *Dabbs* v. *Hemken,* 3 R. 123.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.