## No. 1261.

### REYNOLDS & HENRY CONSTRUCTION COMPANY VS. POLICE JURY OF OUACHITA PARISH.

A tax of five mills, voted a number of years since, to aid in the construction of a railroad, which afterward allowed the time to lapse within which to commence the work, and has never taken any steps toward complying with the condition of the contemplated contract, will not be considered in determining whether defendants exceeded their power in having a special five-mill tax levied and collected.

It is manifest that the taxes voted in favor of the first company can not be collected and never will be collected.

An agreement relieving a corporation from the payment of the five-mill special tax for a consideration, is not in contravention of Art. 203 of the Constitution so long as no injury arises therefrom. The police jury is without authority to question the validity of the special tax on the ground that a corporation has been by it released from its payment.

The contesting of votes is a judicial function only in so far as made such by special statutes.

A party having complied with the conditions of his contract, the other parties to the obligation must be held to a compliance with their obligation.

A corporation is not bound by the unauthorized acts of its officers.

A PPEAL from the Fifth District Court, Parish of Ouachita. Richardson, J.

Boatner & Lamkin for Plaintiff and Appellee.

F. G. Hudson for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.　The Reynolds & Henry Construction Company, a corporation domiciled in Illinois, sues (as assignee of the Houston Central, Arkansas & Northern Railroad Company) the police jury of the parish of Ouachita.

In order to aid the said railroad in building a line of railway for traffic communication the police jury, at a session held March 13, 1888, ordered an election to be held to deter.nine whether or not a five-mill tax for ten years should be levied, and the amount realized paid over to the said railroad company.

The returns of the election held, show that a large majority voted in favor of the levy of the tax proposed in the ordinance submitted to the property tax payers.

The result of the election was promulgated as required by law.

Plaintiff alleges that the H. C., A. & N. R. R. Co., within the time stipulated in the said ordinance, begun and prosecuted in good faith the building of said railroad in the parish of Ouachita, and continued the said work until January 14, 1889, when it entered into contract with plaintiff to continue the said work to completion. That the road was completed in the parish of Ouachita north and south from Monroe, La., by it, under said contract and within the time stipulated in the said ordinance, entitling it to claim from defendant the first of the ten years' five-mill per annum tax.

It prays that it be decreed to have earned, and to be entitled to the one year's taxes, and that the police jury and the individual members thereof be commanded to assess, cause to be collected and paid over to it said five-mill tax on all taxable property in the parish for one year except the property of the Vicksburg, Shreveport & Pacific Railroad Company.

The defendants resist plaintiff's demand on a number of grounds:

1. The said ordinance numbered 634, they contend, is null and void; the property tax payers of the parish of Ouachita having already previously voted a five-mill tax upon all property in the parish in aid of the construction of the New Orleans, Natchez & Fort Scott Railway Company, which was still in force, defendants are without legal power or authority to levy and collect a tax in excess of five mills for ten years in aid of railway enterprises.

2. That said ordinance is null and void because it excepts the property of the Vicksburg, Shreveport & Pacific Railway Com-

pany from said tax, thereby contravening Art. 208 of the Constitution and Sec. 2744 of the Revised Statutes.

3. The defendant assails the correctness of the ruling of the district court excluding evidence that minors, tutors, administrators, agents, married women, widows, ladies *femme sole*, non-residents, absentees and corporations property tax payers of the parish of Ouachita were permitted to vote, and they contend that, but for the vote of these persons, a large majority of the property tax payers of the parish, in numbers and in value, did not vote in favor of said tax.

4. That the H. C., A. & N. R. R. Co. did not begin and continue work in good faith within the time stipulated in the said ordinance 634.

5. That the president of the said H. C., A. & N. R. R. Co. renounced said five-mill tax.

## STATEMENT OF THE FACTS.

On the 14th day of January, 1889, it was agreed, between plaintiff and the said railroad company, that, on the completion of fifty miles of railroad, twenty-five above and twenty-five below the town of Monroe, said railroad company would transfer said tax to plaintiff as part consideration for the work.

In an act dated 16th November, 1889, the president, authorized by a resolution of the board of directors of the railroad company, declared that plaintiff had complied with the contract and therefore assigned to the company all rights and interest of the said railroad company to the said tax.

It is not disputed that the plaintiff company has carried out its contract of January 14, 1889, with the H. C., A. & N. R. R. Co.

The police jury, conforming with the petition of more than one-third of the property tax payers, adopted an ordinance as alleged, ordering a special election for the purpose of submitting a proposition to the qualified tax paying electors whether a five-mill tax should be voted.

The election was held as alleged.

By ordinance of January 6, 1890, the police jury declares that the provisions of Ordinance 634, adopted March 13, 1888, have not been complied with by the H. C., A. & N. R. R. Co., and they repeal the said ordinance. When the ordinance repealing the tax was offered

55*

*in evidence* plaintiff objected to its *admissibility* on the ground that it was an attempt to impair or destroy the contract previously entered into between the police jury and the said railroad company.

Section 8 of the ordinance sets forth that the said railroad company shall not receive any part of the said tax unless the actual work of building shall be entered upon and prosecuted in good faith in the parish of Ouachita within ninety days after the promulgation of the vote authorizing the levy of the tax.

The witnesses for the defendant testify substantially that after the promulgation of the Ordinance 634 and the tax had been voted, the railroad company commenced work with a small force, graded three or four miles and stopped, having no more money, and practically abandoned the building of the road.

Those for the plaintiff testify that the railroad company begun work in good faith within the ninety days; that the work was never abandoned, and that the contract has been complied with.

The property tax payers on the 31st December, 1886, voted a tax of five mills for ten years in aid of the construction of the New Orleans, Natchez & Fort Scott Railway Company.

This tax was not paid; the road was not constructed.

The parish of Ouachita and the Vicksburg, Shreveport & Pacific Railroad Company entered into a contract wherein the police jury agreed to remit to the Vicksburg, Shreveport & Pacific Railroad Company certain taxes, and it was therefore stipulated that no part of Ordinance 645 should be construed to compel the police jury to pay the H. C., A. & N. R. R. Co. any taxes remitted to the V., S. & P. Co. from 1887 to 1894, inclusive.

This ordinance was adopted by the following vote:

For special tax, 1419; against, 84; majority in votes cast on the amount of property represented, $1,024,851.80.

The Ouachita Valley Railroad Company, a local company, was organized and had for its object the building of a railroad on or near the line of the H. C., A. & N. R. R. Co.

After about $50,000 had been subscribed to the stock of this company and work was about to commence, it is alleged the H. C., A. & N. R. R. Co. became the transferees of the subscription list of the Ouachita Valley Railroad Company, and applied the collections to the building of its road.

The latter company collected about $25,000 of the subscriptions. Stock was issued to the subscribers who had paid up in full.

The defendants contend that the president of the H. C., A. & N. Co., in consideration of this transfer, *consented to renounce* any right to the five-mill tax.

This is denied by the president, as a witness.

## ON THE MERITS.

The contention that the parish of Ouachita had already previously voted a five-mill tax is not entirely sustained by the facts. It is true that the tax was voted and promulgation was made as alleged in 1886, but no tax has ever been assessed or collected.

The New Orleans, Natchez & Fort Scott Railroad Co. never complied with the condition of the contract upon which the tax was offered, by building any part of the road in the parish of Ouachita, and the time for compliance has long since lapsed.

The project, favored at one time, of building this road has never materialized, and the record does not disclose the most remote probability that it ever will be.

The article of the Constitution 203 has not been violated for the special tax claimed does not exceed five mills per annum; it not being proven that any other special tax is exigible or ever will be.

The parish taxes due by the V., S. & P. R. Co. had already been disposed of by the ordinance of the police jury.

In view of the disposition made of this tax that body chose to protect itself from any demand for taxes on the property of this company; at the same time they sought to equalize the burden of parish taxation by not requiring any other tax from the V., S. & P. R. R. Co. than that in regard to which they had entered into an agreement with this company.

The objection is not made by the taxpayers direct, a large majority of whom voted for the ordinance containing a statement of the conditions of the contract, but by the police jury who is a party to the contract.

Presumably fairness and equity prevailed in the adoption of the contract and ordinance.

There is no evidence of record to the contrary.

The police jury can not defend and defeat the obligation on the ground that it made a discrimination operating unequally against the taxpayers.

The disposition of the tax of the V., S. & P. R. R. Co. does not operate *injuriously;* the rate of taxation remains the same.

The record does not disclose that this company was exempt from the payment of a tax, but that an equivalent to its taxes was realized by the police jury, which prompted them to exempt the company from the payment of certain taxes.

The inequality of taxation caused by exempting property which should not be exempted is really not an issue of the case.

The defendants assail the correctness of the ruling of the District Court excluding evidence that minors, tutors, administrators, agents and others were permitted to vote and contend that a large majority of the property taxpayers did not vote in favor of the tax.

The evidence to prove that allegation was objected to on the grounds that the statutes being silent relating to elections, the courts are without jurisdiction to determine the contest of the special election under which the tax was voted, and that the defendants could not question the election returns to ascertain who voted and who did not vote.

The authority which ordered the election, on the petition of the taxpayers, which promulgated the returns and declared them adopted and legal, assails the returns as null and asks that a recount be made and the nullity decreed. The defendants are estopped.

It proclaimed the regularity of this election, which resulted in the acceptance of a contract and the performance of work. It can not question the binding effect of its own acts.

Further there being no statutory authorization, the courts are without jurisdiction.

In the case of the State ex rel. Woodruff et al. vs. E. S. Dortch, President of the Police Jury of Bossier Parish et al., 41 An. 846, the court affirmed the principle announced in 13 An. 89, that "the contesting of votes is not a judicial function, only so far as made such by special statutes."

The decision was reaffirmed in State ex rel. Davis, Mayor of Houghton, vs. The Police Jury of Bossier, 43 An. 1009.

With reference to the date, the work and the good faith of the parties.

The railroad company undertook the work within the time and the limits stipulated.

It was at times not active and doubtless did not satisfy the expectations of those who were anxious for railway communication.

The work was interrupted a short time.

The president states, as a witness, that it was occasioned by the apprehension of a contagious disease which threatened the community along the line. The statement is not questioned nor contradicted.

A considerable sum had been expended previous to the contract made with plaintiff, work had been done and surveys made.

It is admitted that plaintiff's work did not in any respect give cause for complaint, under contract of January 14, 1889, which had been fully complied with September of that year.

One of the plaintiffs testifies that his company took charge of the work under the said contract begun by the H. C., A. & N. R. R. Co. and pushed it rapidly to completion.

The cause of forfeiture, because of abandonment of the work, is not made out, nor does it appear that plaintiffs or their transferrors were ever, at any time, in bad faith.

Invoking the admission that "the Houston Central, Arkansas & Northern Railroad Co. was not completed to a northern connection, or to a connection with the northern States, within the time stipulated and provided in the ordinance No. 634, under which the tax sued in this case was voted," it is contended by defendant's counsel that there was failure of compliance with the contract and that the claim for amounts previously voted was forfeited thereby.

We are considering claims urged to the tax of one year, levied as a bonus to this road.

Plaintiff admits that a northern connection was not made within eighteen months, as required by the ordinance, and that only the first year's tax was earned. The northern connection was made about thirty days after the time expressed in the ordinance.

Section 5 stipulates that the revenues of the tax for the first year were to be due to said company and exigible on the completion of the road and the running of its trains through Ouachita parish.

The Houston Central, Arkansas & Northern Railroad Company worked in good faith and built its road through said parish, and earned the first year's tax within the eighteen months' limitation.

It is next contended that the president of the Houston Central, Arkansas & Northern Railroad Company renounced the said five-mill tax.

It is not pretended that he was authorized by the board of directors.

Construction Co. vs. Police Jury.

In the absence of such authority he could not make a gratuitous renunciation of an amount due the company.

A corporation is not bound by the unauthorized acts of its officers. Art. 439, C. C.

No contract was entered into or relinquishment made between this president and the police jury.

His utterances at public meetings can not be construed into a renunciation on the part of the company.

It is not proven, as contended, that the subscription to the Ouachita Valley Railway Company was accepted in lieu of the five-mill tax.

The list was transferred to the Houston Central, Arkansas & Northern Railroad Company, and stock was issued by it for the paid up subscription.

It is not proven that, in addition to the stock issued to the Ouachita Valley Railway for their subscription transferred as before stated, they stipulated immunity from this special tax for the benefit of all taxpayers.

The repeal of the ordinance 634, adopted for the levy of a special tax, is without effect.

The rights acquired can not be affected thereby.

Judgment affirmed at appellants' costs.