PROVOSTY, J.
There were two trials of this case in the court below. On the first trial the verdict was in favor of the Metairie Cemetery Association, Andrew G. Friedrichs, and William G. Tebault, and the judge refusing to grant a new trial as to that part of the verdict the plaintiff took the present appeal. From the decision on the second trial the plaintiff took the appeal No. 15,198, in which a decision stating all the facts of the case is handed down to-day. 37 South. 976, post, p. 1078.
This suit is for a trespass on plaintiff’s land. The defendants in the present appeal are not shown to have had any connection with same. The only way in which it is sought to connect them is by showing that S. H. Bell, the principal actor, is secretary of the Metairie Cemetery Association, and that the other two defendants are members of the board of commissioners of the Metairie Road. We repeat here what is said in that regard in the other decision:
“The Metairie Cemetery Association is not shown to have been in any way connected with the acts complained of, nor does it appear that the commissioners of the Metairie Road, other than S. H. Bell and George G. Friedrichs, were so connected with those acts as to render them liable to the plaintiff in damages, since they knew nothing of them until after they had been committed, and approved of nothing save that which they were informed had been done with plaintiff’s consent.”
In order that the two defendants Friedrichs and Tebault should be liable, it would have to be shown that they participated in some way in the acts complained of, and, in order that the Metairie Cemetery Association should be liable, it would have to be shown that the tortious acts of its secretary, Bell, came within the scope of his employment. Rev. Civ. Code, art. 439; Construction Co. v. Police Jury, 44 La. Ann. 863, 11 South. 236; Etting v. Commercial Bank, 7 Rob. 459; Antony v. Inhabitants of Adams, 1 Metc. (Mass.) 286; Clark on Contracts, p. 526; Bigelow on Torts, pp. 39, 85; Bigelow, p. 37; Story on Agency, p. 297; Clark on Corporations, pp. 197, 523; Cooley on Torts, p. 139; Shumaker on Partnership, p. 313.
Judgment affirmed.