29 So.2d 65

**SEALE v. STEPHENS,**

No. 38185.

Dec. 13, 1946.

Bass, Patin & Brame, of Lake Charles, for petitioners.

Preston Savoy and Charles C. Jaubert, both of Lake Charles, for plaintiff-appellee.

PONDER, Justice.

This case comes to us by review from the First Circuit Court of Appeal. 24 So. 2d 651.

The plaintiff brought suit against the defendants, seeking to recover $1,600 for damages to his automobile and personal injuries received in an automobile accident. The plaintiff alleged that the automobile was completely demolished and was worth the sum of $1,100. He alleged that he received personal injuries in the amount of $500. These allegations were denied by the

defendants in their answer. After issue was joined and the case was called for trial in the lower court, counsel for the defendants admitted that the automobile was worth $1,100, whereupon counsel for the plaintiff asked permission of the Court to amend his petition so as to allege that the automobile was worth $1,850 instead of $1,100 at the time of the accident, and that it had a salvage value after the accident of $650. Counsel further stated that plaintiff gave him the figure of $1,100 to cover the damages insofar as the car was concerned, and that through a misunderstanding counsel had alleged the total loss of the car, at a value of $1,100. Counsel for the defendant objected to the proposed amendment, which was sustained at that time by the lower court.

In his reasons for judgment, the lower court stated that on first consideration he was of the opinion that the amendment was proposed too late, but after more mature consideration he arrived at the conclusion that it was more in the nature of an explanation as to how the amount of the loss was arrived at, did not increase the original demand, resulted in no harm to the defendants, and should be allowed. In arriving at his decision the lower court gave effect to the proposed amendment and awarded the plaintiff $1,100 for the damages to his car and $300 for the personal injuries he received in the accident.

On appeal, the appellate court affirmed the judgment insofar as it awarded the

plaintiff the $300 damages for personal injuries, but reversed the award of $1,100 for damages to the car and remanded the case to the lower court in order to permit the plaintiff to amend his petition so as to conform to the true facts. The appellate court protected the rights of the defendants by granting them the right to answer the amended petition and present any additional evidence they saw fit.

■ We granted a review in this case for the reason that the defendants cite some of the early authorities to the effect that an amendment should not be allowed after a trial has commenced. We felt at the time the review was granted that the findings of the Court of Appeal in all other respects were correct. After a careful review of the record and the authorities cited, we are still of the same opinion.

The two cases relied on by the defendants, Dabbs v. Hemken, 3 Rob. 123, and Cohn & Bruen v. Levy, 14 La.Ann. 355, appear to support the defendants' contention to a large extent, but even in those cases the Court recognized that the trial judge, in extraordinary circumstances, could permit the amendment of a petition after the trial had begun. In reviewing the early jurisprudence of this State we find that even as far back as the year 1810 this Court, in the case of Aston v. Morgan, 1 Mart. (O.S.) 175, permitted the amendment of a petition after issue was joined. Under the provisions of Article 419 of the Code of Practice, a plaintiff may amend his original petition with the leave of the court after issue is joined, provided the amendment does not alter the substance of the demand. In the case of Meyer v. Farmer, 36 La.Ann. 785, this Court stated: "Amendments are reducible to no unbending rule. Each case must be left to the sound discretion of the court. They should always be permitted where they tend to the furtherance of justice and cause no injury, without prejudice to the right of the other party, who may plead and show surprise, to ask time to prepare himself."

In the case of Coleman v. Continental Bank & Trust Co., 139 La. 1078, 72 So. 742, this Court recognized the right of the plaintiff to amend his petition with the leave of the court, after issue was joined, provided the amendment did not assert a demand different from the relief first sought or change the substance of the demand.

The case of Lotz v. Hurwitz, 174 La. 638, 141 So. 83, 87, contains the statement that "Amendments should be allowed, even after issue joined, when they tend to the furtherance of justice, and do not retard the case.", citing Tremont Lumber Co. v. May, 143 La. 389, 413, 78 So. 650.

In the case of Self v. Great Atlantic & Pacific Tea Co., 178 La. 240, 151 So. 193, this court has aptly restated the later jurisprudence of this State with respect to amendments and quotes approvingly from the case of Kunnes v. Kogos, 168 La. 682,

123 So. 122, 124, 65 A.L.R. 706, viz.: "'The later jurisprudence has gotten away from the rule of extreme technical construction which prevailed at the time said decisions were rendered, and has established the doctrine that amendments to pleadings will always be allowed whether before or after issue joined, in the promotion of justice and where they cause no injury.'"

The present tendency of the Court of Appeals is to relax the technical rules of pleading in order to arrive at the true facts in the case and to give a litigant his day in court. Thomas v. Leonard Truck Lines, La.App., 7 So.2d 753; Pool v. Pool, La. App., 16 So.2d 132.

The nature of the demand has not been changed by the amendment for the reason that the demand is, after amendment, for property damages caused by the negligent act of one of the defendants.

Insofar as the right to remand the case, the appellate court had ample authority to do so under the provisions of Article 906 of the Code of Practice.

The defendants contend that the remand of the case to permit the plaintiff to amend his petition is, in effect, honoring an oral amendment to a petition which the law does not permit. That is just what the remand avoids. The appellate court remanded the case to enable the plaintiff to properly amend his petition, because it thought the lower court erroneously took

into consideration a proposed amendment that had not been filed.

For the reasons assigned, the judgment is affirmed.