51 So.2d 70

BLANCHARD et al. v. IBERVILLE PAR-
ISH SCHOOL BOARD.

No. 40104.

Feb. 12, 1951.

W. C. Perrault, Opelousas, for plaintiffs-appellants.

Ferd C. Claiborne, Dist. Atty., New Roads, Charles H. Dameron, Asst. Dist. Atty., Port Allen, for defendant-appellee.

McCALEB, Justice.

Acting under the authority of Section 14 (a) of Article 14 of the Constitution and Act No. 46 of the Extra Session of 1921, as amended, LSA–RS 39:471 et seq., the Iberville Parish School Board called a special election in School District No. 5 of Iberville Parish to submit to the qualified property taxpayers thereof a proposition to incur debt and issue interest bearing bonds in the amount of $1,725,000 for the purpose of acquiring school sites, erecting and equipping school building and improving school property. After complying with all requisites of law, the election was held and thereafter the results, as promulgated by the School Board through a procès verbal, revealed that the proposition had been approved by a majority of 403 votes in number and $51,262.50 in amount. Within the 60 day period provided by law, Section 14(n) of Article 14 of the Constitution and Section 43 of Act No. 46 of 1921, LSA–RS 39:518, plaintiffs, originally 22 property taxpaying voters of the district (now reduced to 5 as 17 have withdrawn), instituted this suit contesting the legality of the election.

The gravamen of the claim is that the proposition submitted by the School Board failed to receive a majority in amount of the assessed property voted at the election because of various and sundry irregularities in the voting, canvassing and compilation of the votes.

In answer, the School Board denied plaintiffs' charges and set forth that the proposition actually carried by a greater majority than that shown by the procès verbal as a consequence of certain facts and circumstances which were not available to it at the time of the canvass of the returns. Alternatively, defendant averred that practically all of the irregularities alleged by plaintiffs related to errors or omissions in the list of qualified voters furnished by the Registrar of Voters to election officials; that, should it be found that these errors existed, it could not change the result of the election because, considering the irregularities in connection with the negative votes counted, the result would reveal a favorable vote even in excess of that indicated by the canvass of the returns.

Following a protracted trial, there was judgment for defendant dismissing the suit. Plaintiffs have appealed.

Although there are numerous irregularities and errors alleged by plaintiffs, it is conceded by their counsel that by far the greater number were mistakes in the list of taxpayers entitled to vote, which was prepared and furnished to the election commissioners by the Registrar of Voters. And counsel also admits that, if the negative votes due to these errors are eliminated from the returns, as well as the affirmative votes challenged by plaintiffs on the same grounds, the result of the election will not be changed as the corrected returns will still show a majority affirmative vote. But counsel says that it is not permissible for the defendant to alternatively assail these negative votes as this would be in contradiction of its procès verbal and canvass of the returns.

█ This purported estoppel is not tenable. By contending that, if it should be found that there were illegal votes erroneously counted, then all such votes, pro and con, be eliminated from the compilation, defendant is not, as counsel seems to think, attacking the validity of its canvass and procès verbal. On the contrary, defendant is consistently proclaiming the veracity of its announcement that the proposition was approved by a majority of the votes in number and amount.

The case of Reynolds & Henry Construction Co. v. Police Jury, 44 La.Ann. 863, 11 So. 236, relied on by counsel, does not support his position for, there, the Police Jury was attempting to disclaim the legality of the published result of the election, whereas, here, the defendant seeks to uphold it.

Nor is White Hall Agr. Co. v. Police Jury, 128 La. 668, 55 So. 11, also cited by counsel, appropriate. The issue in that

case was whether the Police Jury could succeed in having an election contest dismissed, as prescribed, because the returns of the election were not actually promulgated on the date published by it. The court merely said that the Police Jury was bound by its own proclamation.

In view of the fact that the result of the election under attack would not be changed if all of the irregularities complained of were upheld, it would serve no useful purpose to investigate any of the specific claims asserted by plaintiffs.

The judgment is affirmed.