GLADNEY, Judge.
This suit involves an automobile collision which occurred on September 6, 1951, on U. S. Highway 80 at a point about one mile west of the City of West Monroe.
Graves and Riser filed counterclaims for damages to their vehicles and plaintiff also sought damages for minor personal injuries. After trial there was judgment in favor of plaintiff and against the defendants, Riser, and his insurer, General Insurance Corporation, for the sum of $351.94. The judgment rejected defendants’ demands in reconvention. From the judgment defendants appeal.
On the day of the accident at about 5:15 A.M., shortly before daylight, plaintiff was proceeding easterly along U. S. Highway 80 at a speed which he estimated at 30 miles to 35 miles per hour. He was alone and driving a Chevrolet sedan to his place of employment north of Bastrop. Upon nearing the point of collision he observed ahead of him a truck also moving east at a slow rate of speed. Plaintiff testified that as he approached the truck, which was being driven by Clarence E. Worthy, he observed it was on the right side of the highway, that traffic conditions were clear and safe for him to pass, and he sounded a warning signal for passing; that as he moved forward and was almost in the act of passing, Worthy suddenly gave a hand signal and commenced a left turn for the purpose of entering a private driveway on the left side of said highway; that the emergency in which plaintiff found himself required that he apply the brakes of his car and turn to the right in order to avoid striking the truck which he believed would cross to his left; that instead of turning to the left defendant turned back to the right with the result that plaintiff’s car collided with the rear of the truck, thus causing the damages about which both motorists complain.
After the impact the Chevrolet car came to a stop within 5 feet, but the truck rolled to the north shoulder of the road some 75 feet from the point of collision. However, it is evident from the testimony of Worthy this movement was not due to the impact, but because Worthy simply let his truck roll until he could clear the highway and bring it safely to a stop on the shoulder of the highway..
Various acts of negligence by the truck driver are alleged. We believe these may be summarized by stating that Worthy is charged with negligence in attempting to make a left turn on the highway without *164 ample clearance to make the turn safely and without timely giving the signal of his intention to make said left turn.
The defendant’s version of the accident is that Worthy, intending to turn to the left, signalled his intention of so doing by giving the proper arm signal therefor; that his vehicle was traveling at a slow rate of speed and that before making his turn, Worthy observed the plaintiff approaching from the rear at a distance of approximately 200 feet; that Worthy reduced the speed of his vehicle to almost a stop, remaining on the south side of the highway with the intention that plaintiff would pass around him; that because of plaintiff’s failure to keep a proper lookout, to keep his car under proper control and because of his excessive speed, the collision occurred. • Additionally, defendants charge that plaintiff was negligent in attempting to pass the truck at an intersection and in so doing violated the provisions of the Highway Regulatory Act. In the alternative, it is pleaded that plaintiff was guilty of contributory negligence.
The only eyewitnesses to the accident were the plaintiff and Worthy, the truck driver. At the time of the accident it was still dark and the lights on both vehicles were burning; the highway was straight and there were no other vehicles in the proximity of the two cars when the accident occurred.
Perhaps the most important issue of fact involves evidence as to the point or place of impact. Whether or not the truck is found to have been on the north or left side of the highway at the moment of collision practically determines the case. On this point plaintiff says he pulled over into the left lane of the highway to pass and when he was within 15 to 20 feet of the truck Worthy simultaneously put out his hand and turned across the center line of the highway, and faced with this emergency, plaintiff acted as above set forth by pulling his car to the right. Plaintiff further testified the truck was approximately IS inches to the left of the center line of the highway before Worthy attempted to turn back to the right. Plaintiff’s testimony is substantially corroborated by J. S. Powell, State Trooper, who arrived at the scene of the accident before the vehicles had been moved. Powell testified he found skid marks on the highway indicating that plaintiff had applied his brakes and skidded approximately 10 feet, and physical evidence on the highway indicated the impact took place a short distance over the center line, that is to say, on the north side of the highway. He related the rear part of plaintiff’s car was across the center line on the north and the front end was on the south side of the highway. Worthy, himself, testified' that in order to see to the rear he had to pull his truck to the left. He attempted to explain, however, that “in those trucks you have to lean to hold your hand out, and naturally when I leaned, the truck turned — when he hit me.” He also denied he cut across the center line of the highway from the north side to the south side.
We think the preponderance of the evidence is contrary to Worthy’s testimony. Worthy observed plaintiff’s car when it was approximately 200 feet to his rear, yet he did not give his hand signal until he was about to turn off the highway. His testimony thus indicates he was struck about the same time he put his hand out as a signal for the left turn. Trooper Powell, a disinterested witness, positively fixes the point of impact across -the center line.
Counsel for defendants point out that the collision cduld not have happened in the manner in which plaintiff says it occurred. His argument is to the effect plaintiff’s car simply ran into the rear of the truck and plaintiff was, therefore, necessarily negligent. Counsel’s argument assumes plaintiff was traveling at 35 miles per hour, requiring the car to move forward 52 or 53 feet in one second, and that the distance between the two vehicles when the left turn signal was given was 15 to 20 feet. He concludes the reaction time alone would be over one-third of a second according to the table in Tulane Law Review, Volume XIV, page 502, and that accordingly when plaintiff was confronted with the emergency he did not have time to *165 blow his horn, apply his brakes and turn to the right as he so testified. It is pointed out plaintiff’s testimony would be credible if the automobile had sideswiped the truck or had the truck struck the right side of the automobile. In our opinion the truck at the time it was struck was moving forward,— at what speed we cannot -definitely say. We are sure it was going slower, considerably slower than the overtaking vehicle, perhaps at a rate of from 10 to 20 miles per hour. Counsel’s failure to consider the forward progress of the truck in the equation submitted proves the fallacy of the argument.
Our determination of the facts leaves but little room to support the plea of contributory negligence pleaded in the alternative by the defendants. The record reflects, and, in our opinion, the judge a quo correctly found plaintiff did all that he could under the circumstances when he applied his brakes and cut back to the right in order to avoid the collision. Plaintiff was confronted with an emergency created by the attempt of the truck to cross the center line and begin a left turn without timely giving a signal to the overtaking car and without first ascertaining that he could safely make such left turn. The trial court said:
“There are no facts to indicate that the plaintiff was traveling at an excessive rate of speed. He ascertained that the road was clear before pulling to the left center lane to pass. It is true that the truck driver did put out his hand, indicating a left turn, but the facts indicate that he extended his signal too late in order to avoid the accident. Before he attempted his left turn, which is one of the most hazardous operations on the highway, he should have ascertained that he could make his left turn in safety, which he failed to do. The plaintiff was confronted with a sudden emergency not of his own making, which was the proximate cause of the accident.”
The authorities are uniform to the effect that the motorist who desires to make a left-hand turn carries the responsibility of being certain that the turn can be made without danger to normal overtaking or oncoming traffic and he must yield the right-of-way. The foregoing rule is merely a reflection from certain provisions of the Highway Regulatory Act. LSA-R.S. 32:235. Interurban Transportation Company v. F. Strauss & Sons, La.App., 1940, 196 So. 367; Duke v. Adkins, La.App., 1941, 2 So.2d 526; Dudley v. Surles, La.App., 1943, 11 So.2d 70; Seale v. Stephens, Employers Casualty Company, Intervenors, La.App., 1946, 24 So.2d 651; affirmed 210 La. 1068, 29 So.2d 65; Deffez v. Stephens, General Casualty Company of America, Intervenor, La.App., 1947, 30 So.2d 154; Michelli v. Rheem Mfg. Co., La.App., 1948, 34 So.2d 264; Tornabene v. Rau, La.App., 1948, 34 So.2d 655; Fidelity & Guaranty Fire Corporation v. Ritter, La.App., 1948, 34 So.2d 349; Toney v. Burris, La.App., 1950, 45 So.2d 438; Zurich Fire Insurance Company of New York v. Thomas, La.App., 1951, 49 So.2d 460; Myers v. Maricelli, La.App., 1951, 50 So.2d 312; Myers v. Landry, La.App., 1951, 50 So.2d 318.
We have carefully examined the cases cited in appellants’ brief without finding them apposite. It is generally found to be true that each case contains some evidence not common to another and requires a holding adapted to its peculiar facts.
As previously noted, the collision occurred almost immediately after Worthy gave a signal for a left turn and such signal was not timely given. We have no doubt that the emergency thus created was the proximate cause of the accident and that plaintiff was without fault. These factors we believe fully support the correctness of the judgment appealed from which is hereby affirmed at appellants’ cost.