76 So.2d 403

Alva Lee DUNCAN et al.

v.

VERNON PARISH SCHOOL BOARD.

No. 41866.

Nov. 8, 1954.

John R. Hunter, Jr., Polk & Culpepper, Alexandria, for plaintiff-appellant.

Stuart S. Kay, Dist. Atty., De Ridder, for defendant-appellee.

HAWTHORNE, Justice.

The Vernon Parish School Board called a special election in School District No. 142 to submit to the taxpayers of that school district a proposition to incur debt and issue bonds to the amount of $85,000 for the purpose of constructing, erecting, and equipping a gymnasium and repairing school buildings and grounds in that district. After the election was held, the school board, declared the election to have been carried both in number and amount in favor of the proposition, and promulgated the results of the election.

Plaintiffs, alleging themselves to be citizens, residents, qualified electors, and taxpayers of the school district, instituted this suit to have the special election and the promulgation of its results declared null and void. Their suit was dismissed on exception of no cause of action, and they have appealed.

In their petition plaintiffs allege that because of certain irregularities in the conduct and carrying on of the election it is null and void. These allegations of irregularities, in sum, are:

(1) That in the list of voters furnished by the registrar of voters to the commissioners of election there were numerous omissions and errors;

(2) That the commissioners who served at the election were not sworn as provided by law;

(3) That the election polls remained open after the hour fixed for closing;

(4) That no voting booths were provided for the voters and there was no opportunity for electors to prepare their ballots in secrecy; that the ballots were prepared and signed for the voters by other persons; that there were 48 persons who voted in the election under the circumstances and in the manner set out above.

With reference to this fourth irregularity the petition does not allege whether these 48 persons voted for or against the proposition, nor does it allege what the result of the election would have been if these 48 votes were disallowed and not considered.

It should also be noted that plaintiffs have alleged neither fraud nor corruption in the conduct of the election in this case, nor have they alleged that the irregu-

larities enumerated above deprived the voters of votes sufficient in number or amount to have changed the result of the election. In the absence of such allegations the election will not be set aside solely because of the failure of some ministerial officer to perform some duty imposed upon him or to follow every formal direction prescribed by law. See Andrews v. Blackman, 131 La. 355, 59 So. 769; Vidrine v. Eldred, 153 La. 779, 96 So. 566; McCann v. Mayor & Councilmen of Morgan City, 173 La. 1063, 139 So. 481; Daigle v. Mayor and Board of Aldermen of Town of Rayne, 222 La. 556, 62 So.2d 833. What this court said in Blanchard v. Iberville Parish School Board, 218 La. 784, 51 So.2d 70, 71, is pertinent here:

"In view of the fact that the result of the election under attack would not be changed if all of the irregularities complained of were upheld, it would serve no useful purpose to investigate any of the specific claims asserted by plaintiffs."

Counsel for plaintiffs make no contention that any one of these irregularities standing alone would be sufficient ground for nullifying this election, or that the election could be nullified if these irregularities were considered one by one. They concede that, when the irregularities are considered in this manner, the judgment of the district court sustaining the exception of no cause of action might well be correct. Counsel for plaintiffs no doubt were well aware of the statutory provisions relevant to their case and the jurisprudence of this court to the effect that irregularities are not cause or grounds for declaring an election null and void unless it is established that the voters were deprived by the alleged irregularities of votes sufficient in number and amount to have changed the result of the election. R.S. 39:509, subd. C, 39:513; see Long v. City of Shreveport, 151 La. 423, 91 So. 825; Vidrine v. Eldred, supra; Bradford v. Grant Parish School Board, 154 La. 242, 97 So. 430; McCann v. Mayor & Councilmen of Morgan City, supra; Blanchard v. Iberville Parish School Board, supra; Daigle v. Mayor and Board of Aldermen of Town of Rayne, supra.

▆ Counsel do argue, however, that all of the alleged irregularities in the instant case should be considered together in relation one with the others, and that, when they are viewed in this light, it is apparent that the electors of School District No. 142 of Vernon Parish were not given a fair, impartial, and legal opportunity to express their will at the polls. Counsel cite in support of this contention the case of F. B. Williams Cypress Co., Ltd., v. Police Jury of St. Martin Parish, 129 La. 267, 55 So. 878, decided in 1911. In that case there were numerous flagrant irregularities in the conduct of the election, and, although no collusion or fraud was imputed to any of the parties concerned, this court was of the opinion that

the election should be set aside in the interest of justice. The Williams case seems to be isolated in our jurisprudence and is authority for nothing more than the proposition that this court will set aside an election when it is convinced that an injustice has been done due to gross irregularities in the conduct of the election. In the instant case the allegations of the petition do not show that the irregularities complained of were so gross as to have caused an injustice which would warrant our following that case.

For the reasons assigned the judgment appealed from is affirmed, plaintiffs to pay all costs.