SAMUEL, Judge.
On November 7, 1961, a special election was held in the Town of Gramercy at which the following proposition was submitted:
“Shall the Town of Gramercy, Louisiana, incur debt and issue bonds to the amount of $130,000.00 to run twenty *505 (20) years from the date thereof, with interest at the maximum rate of six (6%) per centum per annum for the purpose of constructing sewers and sewage disposal works within the Town, title to which shall be in the public?”
Promulgation of the result of the election, which promulgation was published on November 17, 1961, revealed that the proposition had carried by a majority of 29 votes and a majority in assessed valuation of $2,796.90.
On December 21, 1961 plaintiffs filed a petition attacking the election on the grounds of irregularities. Subsequently they filed two supplemental and amended petitions. Defendant filed exceptions of no right or cause of action. The exception of no right of action was cured by one of the supplemental petitions and that exception is not before us. This is an appeal from a trial court judgment maintaining the exception of no cause of action and dismissing plaintiffs’ suit. After the judgment had been rendered and signed plaintiffs attempted to file an additional supplemental and amended petition and the trial court refused to sign the order permitting such filing.
The exception before us is based on the contention that the petitions fail to state a cause of action for the reason that they do not set forth, with sufficient particularity and in sufficient detail, the irregularities complained of therein; and for the further reason that the petitions do not allege the invalidity of votes sufficient in number to change the result of the election.
The general rule that a petition must contain a short, clear and concise statement of the material facts upon which the cause of action is based (LSA-C.C.P. Art. 891) is applicable in the instant case; a petition attacking an election must allege much more than mere conclusions of law and cannot be couched in generalities; the irregularities complained of are material facts which must be alleged in detail. West Carroll Nat. Bank v. West Carroll Par. Sch. Bd., La.App., 136 So.2d 699; Smith v. Washington Parish Democratic Committee, 239 La. 827, 120 So.2d 257; Duncan v. Vernon Parish School Board, 226 La. 379, 76 So.2d 403; Hinyub v. Sloat, La.App., 29 So.2d 507.
The petitions in the instant case are lengthy and attempt to allege many irregularities. We have considered them carefully and feel that a detailed discussion of all of the allegations is unnecessary. In this connection we prefer to quote with approval from the well considered reasons for judgment handed down by the judge of the trial court. Following a statement relative to the length of the petition and the number of irregularities complained of, he said:
“The Court will nevertheless briefly consider the validity of the more serious allegations. In Paragraph 11 petitioners complain that ‘Certain ballots were improperly marked as spoiled and not counted, which ballots had been voted against the proposition and which ballots had been properly voted; other ballots which should have been marked spoiled and not counted, the same having been voted in favor of the proposition, were not so marked and the same were improperly counted, that had these ballots been counted properly, the results of the election would have been changed. * * * ’
“This generalized language constitutes a mere conclusion of the pleader and fails to state a cause of action.
* * *
“In Paragraph 12 petitioners allege ‘In the alternative,’ that ‘there were votes cast by persons who were not registered or who were not property owners in the said Town of Gramercy; that these votes were cast in favor of the proposition; and that had these votes not been counted, the results of the election would hhve been changed. *506 * * * ’ Again, the petition fails to state the number of persons who were permitted to vote illegally, or the specific basis on which they were disqualified from voting. This, then, is nothing more than another general conclusion of the pleader which fails to state a cause of action.
* * * * * *
“Paragraph 15 complains that ‘in some cases wives were not allowed to vote their interest against the proposition, whereas in some cases, wives were allowed to vote their interests in favor of the proposition, and also in some cases husbands were allowed to vote the full amount of the property for the proposition, whe'reas in some cases, husbands were not allowed to vote the full amount of the assessment against the proposition, that had the same rules been followed in counting ballots for and against the proposition, the results of the election would have been changed * * *.’ Again, the petition fails to set forth the names of specific individuals, the number involved, the amount of assessment in question, or anything else other than a mere general conclusion of the pleader.
“Paragraph 17 furnishes a good example of counsel’s ingenious efforts to allege, without much apparent basis, every possible conceivable irregularity. He alleges first, that the list of taxpayers entitled to vote together with the valuation of each taxpayer’s property was not furnished to the said Town of Gramercy in order to hold the election; secondly, that if it were furnished, it was not certified to by the registrar of voters; thirdly, and in the alternative, that if the list were furnished by the registrar of voters it was not correct; and fourth, in the further alternative, that if a correct list was furnished it was not the latest list available from the last assessment roll and therefore not the proper list as contemplated by law. Even if this were alí true, counsel still has failed to allege the number of persons involved and the amount of their assessments, or to-show that the ultimate result would have been any different.
“No good purpose would be served by examining in detail the numerous other allegations of the petition. It is sufficient to note that in each instance the petition fails to state the number of persons involved, the amount of their assessment, or the specific cause for complaint. Under the very plain-jurisprudence of this state the allegations in question amount to nothing-more than mere conclusions of the pleader, and consequently fail to state a cause of action.”
There are two other matters which require our consideration. Plaintiffs argue that they are entitled to have the ballot box opened and the ballots counted and inspected, as alternatively prayed for in the petitions and regardless of the absence of allegations of specific irregularities, and alternatively, that the matter should be remanded to permit the filing by them of further amendments to their pleadings.
We are unable to agree with the first argument. Plaintiffs’ claim to recount and inspect is based upon LSA-R.S. 18:364 B which provides, in part, that on allegation-on information and belief that a proper recount of any box or boxes would change the result of the election the contestant or the contestee may require such a recount and that it shall not be necessary in order to obtain the recount to allege or prove any specific fraud or irregularity. But plaintiffs1 do not ask only for a recount; they ask for a recount and an inspection. And it is-apparent from their pleadings, brief and argument that they have no actual knowledge of irregularities which would change the result of the election. It is pertinent to note here that plaintiffs have never asked for discovery and that question is not in *507 volved. Additionally, in'our opinion, LSA-R.S. 18:364 has no application to the instant case. The statute has reference only to primary elections for public office. It grants the right to proceed thereunder only to a candidate for nomination for public office who contests the election, contradictorily with another candidate, on the grounds of irregularities or fraud. No person other than the candidate himself is afforded the right to institute the contest and •only he and the contestee may require a recount. The instant case, a contest by voters in a special election concerned solely with the approval or disapproval of a bonded indebtedness, is quite different from the contest referred to in LSA-R.S. 18:364, The right here, other than any right under discovery, to have a ballot box opened and the ballots recounted must be exercised under a petition alleging a proper cause of action as tested by the general rule.
We are also of the opinion that plaintiffs should not be allowed a further opportunity to amend. For various reasons the exception of no cause of action, which was filed on January 9,1962, was not argued until the following September and the judgment appealed from was rendered in December. Plaintiffs’ attempt to file an additional supplemental and amended petition after judgment was properly refused by the trial court. And from our reading of that third supplemental petition it is probable that it would also be subject to a successful exception of no cause of action. In any event plaintiffs have had more than sufficient time to plead all of the material facts. To grant more time could serve no useful purpose, and, in a matter involving an election of the type with which we are here concerned, could result in serious harm.
For the reasons assigned, the judgment appealed from is affirmed; costs to be paid by the plaintiffs-appellants.
Affirmed.