PER CURIAM.
This is a suit to declare null and void a road maintenance property tax election of May 25, 1968, in the First Ward of Evangeline Parish. The plaintiffs appeal from dismissal of their suit upon exception of no cause of action. (A pre-election suit to enjoin the election was also dismissed. La.App., 211 So.2d 134.)
I
The principal contention of error is that the trial court improperly admitted evidence on the trial of the exception of no cause of action: namely, a certified copy of a resolution of the State Bond and Tax Board of May 3, 1968, authorizing the Evangeline Parish Police Jury to call the election in question. The plaintiffs had alleged, as one ground of their cause of action, that no such approval had been obtained, a legal prerequisite to such tax election.
The resolution was introduced over the plaintiffs’ objection at the trial of the exception. The plaintiffs claim the resolution was inadmissible at such trial, relying on the concluding provision of LSA-CCP Article 931: “* * * No evidence may be introduced at any time to support or contravert the objection that the petition fails to state a cause of action.”
However, to this rule, that at the trial of an exception of no cause of action, no evidence is admissible over objection, our jurisprudence recognizes one exception: Where the plaintiff’s cause of action depends upon the existence or not, or the wording, of some documentary evidence, such as a resolution, this documentary evidence may be received in complementation of the pleadings to determine in limine whether the plaintiff’s cause of action is well founded: Maggio v. State Farm Mutual Auto. Ins. Co., La.App. 1 Cir., 102 So.2d 505, 508; Soniat v. White, 155 La. 290, 99 So. 223 (on appeal); Id., 153 La. 424, 96 So. 19 (on application for writs).[1]
In this regard, the two Soniat v. White cases cited are especially pertinent. There, as here, the petitioners sought to enjoin the collection of a tax upon a contention that the ordinance levying same was invalid because, inter alia, there was no ordinance showing enactment by the requisite formality. The exception of no cause of action was sustained, over the contention that the introduction of the actual resolution (showing compliance) was improper on trial of such exception. In upholding the admission of this purely documentary evidence under the special circumstance of a tax election, an essential thrust of the high court’s reasoning is that procedural formalities are liberally interpreted in suits to prevent the collection of taxes, where time is of the essence in order to insure the uninterrupted operation of governmental functions. See Patterson v. City of De Ridder, 235 La. 140, 103 So.2d 68, 71-72.
II
The plaintiffs-appellants additionally urge that the trial court also erred when it held that the other allegations of the petition did not state a cause of action. The following other grounds of invalidity were pleaded:
(1) general allegations, without specification, that illegal votes were cast (Articles 9, 10 of the petition);
(2) an allegation that the tax is excessive because other wards of the parish pay a millage as low as 2[4, whereas the *400 present tax for Ward One is S mills (Article 6);
(3) an allegation that the Police Jury had called a similar election several months earlier, but it had failed (Article 7);
(4) allegations that the defendant Police Jury only selected commissioners in favor of the tax, and that the statute under which the election was called provided no adequate method of electing commissioners (Articles 4, 8) ;
(5) allegations that the Evangeline Parish Police Jury does not act as a unit but rather under the ward system, so that the proposed tax should be enjoined until such time as the Police Jury commences to act as a unit (Articles 11, 13).
We shall discuss these contentions separately :
(1) Fraud and circumstances constituting fraud must be alleged with particularity, LSA-CCP Article 856. In determining whether a cause of action has been pleaded, the court may disregard as mere conclusions of the pleader a petition’s general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. Loeb v. Badalamenti, La.App. 4 Cir., 192 So.2d 246.
In the present action, the petition alleged only generally that illegal votes were cast without specifying any particular instance. Nor does the petition contain any allegation that the result of the election would be changed by disallowance of those illegal votes cast. Under the uniform jurisprudence, the exception of no cause of action to the suit to annul a special tax election is therefore properly sustained. Patterson v. City of De Ridder, 235 La. 140, 103 So.2d 68, and the numerous decisions therein cited.
(2), (3). No authority is cited in support of the contentions that a tax election is invalid because one local district is taxed at a different millage than another, or because a similar election for the same purpose had earlier failed. We affirm the trial court’s determination that these circumstances do not affect the validity of the tax or confer a cause of action to attack a tax election.
(4) The next ground for attack upon the tax election consists of allegations that LSA-R.S. 39:504 (which provides that the governing authority shall appoint three commissioners and one clerk for a special tax election) does not provide an adequate method of selecting impartial commissioners ; a further contention being that the defendant Police Jury did select commissioners in favor of the tax.
Aside from the circumstance that no prejudice is alleged by the appointment of such commissioners, we are cited to no authority by reason of which a tax election is void unless dissidents can prove one or more of the election commissioners opposed the tax. Nor are we cited to any authority by which an opponent to a tax has a constitutional or legal right to appoint or else to contest the appointment of election commissioners.
(5) Likewise, allegations that the Police Jury does not operate as a unit but rather under the ward system are, it seems to us, immaterial with regard to the cause of action in support of the demand for annulment of the tax election. We are cited to no legal authority in support of this argument. Nor, assuming that the day-to-day operations of a police jury is maintained on the ward system rather than by a unit operation (in contravention of legislative regulation), is any reason suggested why this circumstance might be relevant insofar as contesting the validity of the tax election.

Decree.

For the reasons assigned, we affirm the dismissal of the demand for annulment of the tax election, at the cost of the plaintiffs-appellants.
Affirmed.

. The apparent rationale is that such documentary evidence should be regarded by implication as attached to and forming part of plaintiff’s petition. Under the Code of Civil Procedure, the more appropriate mechanism to raise the defense is by motion for summary judgment. LSA-CCP Arts. 966-68.