PROVO STY, J.
The defendant, Adonis D. Delcambre, was a candidate for the office of member of the board of aldermen of the Milage of Delcambre. The plaintiff, Felix Leleu. was the rival candidate for the same office. Leleu’s name having been left off the printed ballot, he brought a mandamus suit to compel the board of aldermen to put it on. The mandamus was made peremptory; but the judgment was notified to the board of aldermen only after the polls had been opened, and therefore too late to be complied with. Defendant, Delcambre, was returned elected, and he qualified. Thereupon Felix Leleu brought suit to contest the election. His supporters had written his name on their ballots; and he claimed to have received a majority of the votes. The case turned upon whether some ballots which had “Telix Leleu” upon them should have been credited, or not, to “Felix Leleu,” the plaintiff. The evidence showed (quoting the return of the learned respondent judge):
“That no person by the name of Telix Leleu resides or ever resided in the village of Delcambre or anywhere in the neighborhood, and that no one has ever known any one by the name of Telix Leleu. It has been shown that Felix Leleu Was a candidate for member of the board of aldermen at said election, and, in deciding whom the voter intended to cast his ballot for when he wrote Telix Leleu, the fact that there never was a Telix Leleu, and that Felix Leleu was a candidate, plays an important part in arriving at a conclusion as to whom the voter intended to vote for.”
The court held that the ballots should have been counted for plaintiff, and, accordingly, declared him elected and entitled to the office.
The present application for certiorari and prohibition is for reviewing that judgment.
It was clearly correct. Even on the principle of idem sonans, the ballots in question were good. For a long list of names that have been held to be idem sonans, see 29 Cyc. 272. The ballots were clearly good on the principle that imperfections in the name of a candidate will not vitiate a ballot if from the ballot, in connection with the circumstances surrounding the election, the intention of the voter can be determined. 15 Cyc. 361; 10 A. & E. E. of Law, 723. We imagine it would require unusual doubting ability not to be satisfied that said ballots were intended to be cast for Felix Leleu.
The writ nisi is recalled; the costs of same to be paid by the relator.