(55 South. 878.)

No. 18,456.

F. B. WILLIAMS CYPRESS Co., Limited, et al. v. POLICE JURY ST. MARTIN PARISH et al.

(June 26, 1911.)

*(Syllabus by the Court.)*

1. PARISHES—SPECIAL TAXES—LEVY AND COLLECTION.

Proceedings to authorize, levy, and collect special taxes are proceedings in invitum, to compel the owners of property to pay whether they are willing or not, and, as that can be done only by virtue of the law, it follows that if those who seek to apply the compulsion go outside of the law, or fail to keep in its track, they place themselves in the positions of sheriffs, without writs, and, in legal contemplation, have no power of compulsion whatever.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 192.*]

2. PARISHES—SPECIAL TAXES — ELECTIONS—VALIDITY—"UNDER THE GENERAL ELECTION LAWS."

Act No. 131 of 1898, as amended by Acts Nos. 174, 178, of 1902, and 145 of 1904, provides that elections for the authorizing of special taxes, under article 232 of the Constitution, shall be held "under the general election laws" of the state, meaning that they shall be held in the manner and according to rules prescribed by those laws; and, where such an election is held outside and in contravention of those laws, it accomplishes no legal result.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 192.*]

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Action by the F. B. Williams Cypress Company, Limited, and others, against the Police Jury St. Martin Parish and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

F. E. Delahoussaye, E. Vuillemot, and Martin & Martin, for appellants. Voorhies & Voorhies, for appellees.

On Motion to Dismiss Appeal.

MONROE, J. Plaintiffs are three lumber companies, owning property in the second ward of the parish of St. Martin, but domiciled in neighboring parishes, and they are here as appellees from a judgment enjoining the levying and collecting of a special tax, said to have been voted by a few (13) of the other property taxpayers of the ward, for the dredging of a navigation canal through parts of the first and third wards of the parish.

They move to dismiss the appeal, on the ground that appellants allowed the greater part of the 60 days, granted for its return to this court, to elapse before instructing the clerk to prepare the transcript, and then obtained an order granting an extension of the delay, upon the allegation that there was not sufficient time for him to do so, which, say the counsel for the appellees, was true, but was the fault of the appellants, who should not have been allowed the extension, and whose appeal should now be dismissed. The police jury is the main appellant, and, as its mind consists of parts, which it may have had some difficulty in collecting, from different sections of the parish, we think some allowance should be made for it, particularly as the appellees have not been prejudiced in any way, and as we propose to affirm the judgment appealed from. The motion to dismiss is therefore overruled.

On the Merits.

Plaintiffs attack the election at which the tax was voted on a number of grounds, but, as we find the one upon which the judgment appealed from is based quite sufficient, we shall go no further. The learned judge a quo says, in his reasons for judgment, which are fully sustained by the record:

"The evidence shows, and it is testified to by witnesses for both plaintiffs and defendants, that the election was conducted outside of the pale of the election laws in many respects. There were no voting booths provided for the

voters. The voting was carried on in the presence of the commissioners and persons around the polls. It was in the open, without any protection to the voters and without any secrecy whatever. 'It was an open ballot,' as one of the witnesses termed it. The ballots were prepared by other persons for the voters, and, in some cases, were signed for them, the voter making his mark—for not knowing how to sign his name, I presume. In one instance, the elector signed his ballot, and it was afterwards filled out by another person. The tally sheets and compiled statements were written by persons other than the commissioners; the commissioners writing the figures and signing same only. In fact, none of the provisions of the election laws were followed. Every elector was assisted and his ballot written for him by another person, who was not a commissioner of election. * * * Beyond these considerations, the evidence shows a wide departure from the general election laws, in the matter and in the manner of compiling and returning the result of the election; and, whilst no fraud or collusion is imputed to any of the parties concerned, I am of opinion that, in the interest of justice, the result of the election should not be allowed to stand."

[2] We are of the same opinion. The law providing for the election (Act No. 131 of 1898, amended by Acts Nos. 174 and 178 of 1902 and 145 of 1904) requires that it should have been held "under the general election laws of the state" (Acts Nos. 137 of 1896, §§ 65–71 and 152 of 1898, §§ 31, 4ᴈ, 74, 75, 77), which means, in the manner prescribed by these laws; and, as it was not so held, it was outside and in contravention of the law, and accomplished no legal result. The total assessed value of the property in the ward in the year 1909 was $537,690, of which plaintiffs owned, perhaps, a fourth, whilst the 13 electors who voted the tax were assessed, in the aggregate, $8,330. Plaintiffs and other property owners who could not, or did not, vote, will therefore have by far the most to pay if the tax is collected. [1] But the proceeding to authorize, levy, and collect the tax is a proceeding in invitum, to compel them to pay whether they are willing or not, and, as that can be done only by virtue of the law, it follows that if those who seek to apply the compulsion go outside of the law, or fail to keep in its track, they place themselves in the positions of sheriffs without writs, and, in legal contemplation, have no power of compulsion whatever.

The judgment appealed from is accordingly affirmed.