LANCASTER et al. v. POLICE JURY, PARISH OF SABINE, STATE OF LOUISIANA, et al.

(District Court, W. D. Louisiana. December 7, 1917.)

1. HIGHWAYS ⬢═138—ROAD TAXES—ASSESSMENT.

    Where the ordinance calling an election for a special road tax did not comply with Act La. No. 256 of 1910, § 3, the tax is invalid, for in proceedings of that character the authorities calling and holding the election must proceed with meticulous care.

2. HIGHWAYS ⬢═138—SPECIAL ROAD TAXES—ASSESSMENT.

    Where a special road tax for a Louisiana road district was not assessed by the police jury, there was no valid levy.

3. HIGHWAYS ⬢═90—ROAD DISTRICTS—CREATION.

    Under Act La. No. 183 of 1914, § 1, providing that the police jury of the parish shall create a road district on petition of not less than 25 per cent. of the property owners, etc., *held*, in no event, whether the section is mandatory or not, could the police jury create a road district on the petition of 25 per cent. of the resident property owners, where there were nonresident owners.

4. MUNICIPAL CORPORATIONS ⬢═406(2)—TAXING DISTRICTS—DELEGATION OF POWER.

    It is well settled the Legislature may create taxing districts for the purpose of local improvements, such as roads, and also may delegate that authority to municipal corporations, or boards, or commissions.

5. MUNICIPAL CORPORATIONS ⬢═495—IMPROVEMENTS—ASSESSMENTS—BENEFITS.

    When taxing districts are created for the purpose of local improvements, the question of benefit is one of fact for the taxing authorities, subject to the rule that the delegated body may not act arbitrarily, and impose a tax in disregard of the benefit to be derived.

6. HIGHWAYS ⬢═148—TAXING DISTRICTS—BENEFITS—EQUITY JURISDICTION.

    A court of equity has jurisdiction to determine the question whether land included in a Louisiana road district will be benefited by the building of the road for which special taxes were levied, if the police jury acted arbitrarily, and taxed property that would not be benefited at all.

7. HIGHWAYS ⬢═136—TAXES—ROAD DISTRICTS.

    The inclusion of complainants' property in a Louisiana road district, and imposition of special taxes thereon, *held* arbitrary, as such property

---

⬢═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

would receive no benefits; hence, as their bill was filed within the 60-day prescription fixed by Act La. No. 256 of 1910, complainants were entitled to relief.

In Equity. Ancillary bill by J. L. Lancaster and another, receivers of the Texas & Pacific Railway Company, against the Police Jury, Parish of Sabine, State of Louisiana, and others, filed in the receivership proceedings of B. H. Bush, receiver of the St. Louis, Iron Mountain & Southern Railway Company against the Texas & Pacific Railway Company. Decree for complainants in ancillary bill.

Thomas J. Freeman and Howe, Fenner, Spencer & Cocke, all of New Orleans, La., and Wise, Randolph, Rendall & Freyer, of Shreveport, La., for plaintiffs in rule.

Lewis R. Graham, of New Orleans, La., for defendants in rule.

FOSTER, District Judge. In this matter the issues are similar to those in the case of Lancaster and Wight, receivers, v. Police Jury of Avoyelles, 254 Fed. 179, recently decided, and the questions at law are largely controlled by that decision.

[1] The election was called by the police jury, and a proposition submitted to issue $30,000 of bonds, said bonds to be paid in such amount and in such places and at such times as the governing authority might determine, and also to authorize a tax of 6 mills annually for not more than 25 years to liquidate the bonds. Subsequently the board of supervisors of the road district declared the election carried, promulgated the result, and assessed the tax. It is evident that the ordinance calling the election does not comply with the law. Section 3, Act 256 of 1910. In proceedings of this character the authorities calling and holding the election must proceed with meticulous care. Williams v. Police Jury, 129 La. 267, 55 South. 878; Elkins v. Board of School Directors, 138 La. 207, 70 South. 99; Capps v. Board of School Directors, 138 La. 348, 70 South. 322. As this suit was filed within the 60 days provided by law, the court must consider irregularities of this kind.

[2] Furthermore the tax was not assessed by the police jury, and therefore there is no valid levy. Crow v. Board of Supervisors, 141 La. 1017, 76 South. 182.

[3] It is further shown that road district No. 6, the only district herein complained of, was created by the police jury in accordance with a petition of more than 25 per cent. of property owners residing in the proposed district.

Section 1 of Act 183 of 1914 provides:

"That the police juries of the various parishes of this state, the parish of Orleans excepted, are empowered and authorized upon their own initiative to divide their parishes into one or more road districts, * * * but the police jury of any parish shall create a road district in said parish on petition of not less than twenty-five per cent. of property owners, resident and nonresident."

It is contended by plaintiff that the police jury must create a road district when requested by more than 25 per cent. of the property owners exactly as outlined in the petition, and that as nonresidents and corporations are not entitled to any voice in the proceedings, nor any ne-

tice of the filing of the petition, or of the creation of the road district, Act 183 of 1914, under the provisions of which the proceedings are had, deprives them of their property without due process of law. So far as I am advised, the Supreme Court of Louisiana has not construed this feature of the act. If it is to be construed so as to require the police jury to create a road district exactly as petitioned for, there is much in plaintiff's contention; but "shall" is sometimes construed as "may," and the act is susceptible of the construction that the police jury is vested with discretion in establishing the boundaries of the road district, even on a petition of property owners. If it were not so, there would be no delegation of authority to a body authorized to inquire as to the necessity of the improvement and the benefit to the property taxed. But the act requires the police jury to create a road district on the petition of 25 per cent. of the property taxpayers, resident and nonresident. Considering that nonresidents have no voice in the election a fair construction of the act would be to require the petition to be signed by more than 25 per cent. of the taxpayers in both number and amount of assessed value, the same as is required to carry the election, if it is mandatory on the police jury. In no event, however, could the police jury create a road district on the petition of 25 per cent. of the resident taxpayers, as was done here, where it is clearly shown there are nonresident taxpayers.

[4-7] In addition to the other allegations, the bill sets up that the road district was so laid out as to include all the railroad lines of the Texas & Pacific Railroad Company, not because any part of them would derive benefit, but for the sole purpose of including valuable property for the benefit of others, and so reduce the cost of the improvement to them; that the principal road proposed to be built would be adjacent to and parallel to the railroad, and the roads in the district will be of no benefit to the plaintiff, but, on the contrary, will be a detriment. The master found these facts to be as contended by plaintiff on the admission of defendant. No exception was taken to the master's findings.

The total assessed valuation of the property in the district is $371,309. At the election 84 votes, representing an assessed valuation of $42,273, were cast in favor of the proposition, and 12 votes, representing $4,210, were cast against it. It is fair to assume that all those entitled to vote did so, and therefore the burden will fall heaviest on these having no voice in the proceedings.

It is well settled that the Legislature may create taxing districts for the purpose of local improvements, such as roads, and also may delegate that authority to municipal corporations, or boards, or commissions. When this is done, the question of benefit to the land taxed is one of fact, to be finally determined by the taxing authorities, but subject, however, to the exception that the delegated body may not act arbitrarily, and impose a tax in utter disregard to the benefit to be derived by the property taxed. Myles Salt Co. v. Iberia & St. Mary Drainage District, 239 U. S. 478, 36 Sup. Ct. 204, 60 L. Ed. 392, and authorities cited. At the election in road district No. 6 less than 12 per cent. of the assessed valuation of the land in the district voted; plaintiffs had no voice in the proceedings to create the district, were

not entitled to notice before it was created, and had no vote in the election. There were entitled to their day in court, however, within 60 days thereafter during which time the bill was filed, to contest the validity of the election for any cause. Section 17, Act 256 of 1910. Furthermore, a court of equity had jurisdiction to determine the question as to whether or not the land will be benefited by the building of the road, if the police jury has acted arbitrarily and imposed a tax on property.that will not be at all benefited.

In this case the bill was filed in time; plaintiffs have not waived their rights, and are not estopped. From the facts found by the master, I am constrained to hold that the police jury, in creating road district No. 6, acted arbitrarily and without due regard to plaintiffs' rights; that plaintiffs' property will derive no benefit whatever from the building of the proposed roads, and should not have been included in the road district.

Considering the above views, there will be a decree in favor of the plaintiff as prayed for; defendants to pay all costs.