BRUNOT, J.
 

 This is an appeal from a judgment sustaining the validity of a special election, and of the ordinances of the police jury calling the election and promulgating the result thereof, ordering the levy and collection of the tax as prescribed therein, and rejecting the plaintiff’s demands at their cost.
 

 The case was submitted on an agreed statement of facts; therefore only questions of law are presented.
 

 There is no charge, either in the original or supplemental petition, of collusion or fraud, or of injury to any one as a result of the irregularities upon which the suit is based. A number of irregularities are pdeaded, some of which are disposed of adversely to the allegations of the plaintiffs by the agreed statement of facts. The following, however, together with three irregularities which are pleaded in the alternative only, and which will be separately considered, are urged in this court, vik: The election officers did not deliver to the clerk of the district court the duplicate tally sheet and the duplicate compiled statement; the police jury opened the ballot box on a date other than that specified in the ordinance calling the election; and the police jury did not examine and count the ballots.
 

 The election was held under the provisions of Act No. 256 of 1910. Some provisions of that act, as well as certain provisions of the general election law, are mandatory; others are directory. A violation of the former is fatal to the election, but a nonperformance of merely directory provisions does not have a nullifying effect unless their neglect defeats, or renders doubtful, the ascertainment of the will of the voters participating in the election. It is a matter of common knowledge that commissioners of election often seal all of the tally sheets and compiled statements, etc., in the ballot box, and the aid of the courts must be invoked before the result of the election can be ascertained. It has never been held, however, that this nonperformance of the directory provisions of the law nullify or affect the election. Whether or not both tally sheets and compiled statements were sealed in the ballot box, in this case, does not appear. That, however, is not material, for the reason that, when the box was opened, the police jury found a tally sheet and compiled statement therein from which it tabulated the vote and promulgated the result, and for the further reason that the only irregularity alleged is that a duplicate tally sheet and compiled statement were not delivered to the clerk of court.
 

 The ordinance calling the election provided that the police jury should meet on April 5, 1930, and in open session open the ballot box, etc., but the proclamation provided that the police jury should meet on April 3, 1930, for that purpose. The meeting was held on that date, and properly so, for the procla.
 
 *894
 
 mation is the notice to the voting public which the law requires, and it therefore controls. Without the proclamation, the ordinance calling the election would not have been effective. There can be no serious objection to the manner in which the police jury tabulated the vote, for their tabulation and promulgation was found to be correct by an actual count of the votes under an order of the court.
 

 The irregularities urged in the alternative are the following: Audule Lejune was permitted to cast two ballots; the election commissioners did not destroy either of said ballots ; and Mrs. Gilbert Landry voted the assessed valuation of property which belonged to the community existing between herself and her deceased husband.
 

 With respect to these irregularities, we excerpt from the trial judge’s reasons for judgment, and quote with approval the following:
 

 “There will be no contention as to the error in Mrs. Landry’s ballot, i Assuming that she had the right to vote her interest in the community property, she had no right, of course, to vote the interest of her deceased husband. On this vote, therefore, there will be deducted from the amount returned as favorable to the tax the sum of $1230.00.
 

 “The remaining questioned vote is that of Oudule ‘ Lejune. The statement of fact recites that this voter deposited his ballot in the box, and his name was cheeked by the election officers as paving voted; that shortly thereafter he announced that he had neglected to sign his ballot, and asked for another; that after consultation by a commissioner, over the phone, with a friend in Jennings, a second ballot was handed to him, and that he prepared and deposited it in the box; that each ballot carried the assessment of $2460.00; that at the counting the first ballot was marked ‘spoiled,’ and the second ballot was counted in favor of the proposed tax.
 

 “The principle urged in support of the validity of this ballot is that the voter undoubtedly expressed his will, that no fraud is present, and that, therefore, the purpose of the election, namely, to obtain the. sense of this voter on the proposition, was accomplished.
 

 “The principle urged against the validity of the ballot is that the law provides the exact manner in which a majority may impose a forced contribution upon the property of the minority, and that they can do so only in strict conformity to these provisions.
 

 “In our opinion the former principle must prevail. The case of Williams v. Police Jury, 129 La. 267, 55 So. 878, forcefully announces the principle that forced assessment can be levied only in strict compliance with law. But we find no statutory prohibition against receiving a second and corrected ballot under the circumstances set out here. There are penalties for repeating, but nothing is found on the question of the honest correction of an honest error.
 

 “As to minor details of conduct, the discretion of those in charge must prevail, subject only to its vitiation for fraud or for error changing the result of the election.
 

 “Since there is no express prohibtion affecting the contested ballot in this instance, and since it' is shown that not only was there no fraud, but that the counted ballot represents the true will of the voter, there seems no sufficient reason for excluding it.”
 

 The case of Leleu v. Delcambre, 127 La. 281, 53 So. 565, supports the conclusions reached by the trial judge, and it is that authority which has led us to concur in those conclusions.
 

 
 *896
 
 Appellants rely upon the ease of F. B. Williams Cypress Co., Ltd., v. Police Jury, 129 La. 267, 55 So. 878. We do not think the Williams Case has application to the facts of this case. It was not possible, in the Williams Case, to ascertain the intention of the voters. Although there was no charge of fraud, such gross irregularities were practiced in that election that any judgment other than the one rendered therein, by both courts, would have been a travesty upon justice.
 

 For the reasons stated, the judgment appealed from is .affirmed, at appellants’ cost.
 

 ST. PAUL, J., dissents.