376 So.2d 636 (1979)
Reverend Smith J. MEYER
v.
McKinley "Pop" KELLER.
No. 7559.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1979.
*637 Michael F. Kelly, Marksville, for defendant-appellant.
Morrow & Morrow, Patrick C. Morrow, Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, FORET and STOKER, JJ.
FORET, Judge.
This case presents an election contest under LSA-R.S. 18:1401 and 18:1451. The plaintiff, Reverend Smith J. Meyer, and defendant, McKinley "Pop" Keller, were candidates for the office of Avoyelles Parish Police Juror, District 12, in the October 27, 1979, election. The official results showed Keller receiving 484 votes and Meyer receiving 480 votes.
On October 30, 1979, plaintiff filed a petition contesting the election and asking for a recount of the absentee ballots. Plaintiff alleged in his petition that except for irregularities or fraud in the absentee voting, he would have been elected to office.
The trial court ordered the absentee ballots delivered to the court for recounting and set trial on the merits for November 5, 1979.
The recount of the absentee ballots revealed that one absentee ballot cast for Meyer had not been counted in the original tally. That this ballot was not counted originally is uncontested and undisputed. Thus, the accurate recount of the ballots showed defendant Keller receiving 484 votes and plaintiff Meyer receiving 481 votes.
After examining the ballots the court disallowed, for various irregularities, six absentee ballots in which the votes were cast for Keller. After deducting these six ballots, the court determined that the official results showed plaintiff Meyer receiving 481 votes to defendant Keller's 478 votes. Instead of declaring Meyer the winner, however, the court rendered judgment ordering a new election to be held on December 8, 1979.
The defendant, Keller, appeals from the judgment of the trial court ordering a new election.
Defendant Keller assigns as error the trial court's ruling disallowing six ballots, which were cast for Keller.
The trial judge disallowed the ballot of Sonny Ducote for the reason that Mr. *638 Ducote was not signed in on the poll lists by the Commissioners at the poll. R.S. 18:561 provides that the Commissioners shall enter the name of every person who votes at the polling place on polling lists. In Champagne v. Ackal, 256 So.2d 483 (La.App. 3rd Cir. 1972), this court stated,
"The general rule is that where the electors have had a fair and free opportunity to express their will at the polls, and have done so, the result of their choice will not be set aside because of the failure of a ministerial officer to perform some duty imposed upon him by law."
Since the principles of Champagne, supra, are applicable to the present case, we conclude that the failure of the Commissioners to enter Mr. Ducote's name in the poll list was not such an irregularity as to void the vote cast by Mr. Ducote.
The trial court disallowed the ballots of William Brown and Cora Mae Powell on the grounds that the name shown on the absentee ballot flap did not correspond exactly to the names as listed in the precinct register. The record reveals that William Brown is listed on the precinct register as William Brown, Jr. His signature on the absentee ballot appears as William Brown. Cora Powell is listed on the precinct register as Cora Mae Powell. Her signature on the absentee ballot appears as Cora M. Powell. We conclude that the failure of William Brown, Jr., and Cora Mae Powell to sign the absentee ballots exactly as their names appeared in the register was harmless error. No contention was made that the persons who signed the absentee ballots were not Cora Mae Powell or William Brown, Jr. This court has found no statute nor any jurisprudence which requires an absentee ballot to be invalidated for the failure of the voter to sign the absentee ballot exactly as his name is listed in the precinct register. The ballots of Mr. Brown and Mrs. Powell should have been counted.
The trial judge disallowed the ballots of Franklin Evans and George Jefferson because the voters' reason for voting absentee was not indicated on the flap to the absentee ballot. The appellant contends that plaintiff waived his objections to any irregularities which existed in these ballots by failing to timely object. R.S. 18:1434 governs the time in which objections to the qualifications of a voter must be raised. The statute provides:
"An objection to the qualifications of a voter or to an irregularity in the conduct of the election which, with the exercise of due diligence, could have been raised by a challenge of the voter or objections at the polls to the procedure is deemed waived."
In McGee v. Fuselier, 330 So.2d 383 (La. App. 3rd Cir., 1976), this court stated,
"Our jurisprudence is settled that time for challenging the qualification of a voter to cast an absentee ballot is before the flap is torn from the envelope containing that ballot, or at least before the absentee ballot is removed from the envelope and counted by the Commissioners. The failure to timely challenge the qualifications of the voter precludes the subsequent challenge of any particular absentee ballot on the ground that the voter was not qualified to cast a vote at that election."
In the instant suit, plaintiff does not allege, and he has not proven that he timely objected to the ballots cast by Mr. Evans and Mr. Jefferson (i. e., before the flap was torn from the envelopes containing the ballots or before the ballots were removed and tabulated). The failure of Mr. Evans and Mr. Jefferson to indicate the reason for voting absentee could have been easily discovered by plaintiff at the time the absentee votes were tabulated. Plaintiff, failing to timely challenge the voters' qualifications to cast an absentee ballot, is precluded from challenging the validity of the absentee ballots on the ground that Mr. Evans and Mr. Jefferson did not indicate the reason they voted absentee on the flap.
The trial judge disallowed the ballot of Carliss Washington for the reason that the absentee ballot was not signed by the Clerk of Court. Champagne v. Ackal, supra, states that "where the electors have had a fair and free opportunity to express *639 their will at the polls, and have done so, the result of their choice will not be set aside because of the failure of a ministerial officer to perform some duty imposed upon him by law." No policy would be advanced by disallowing Mr. Washington's vote for the failure of the Clerk to sign the affidavit. In light of Champagne, supra, the trial judge erred in disallowing the ballot of Mr. Washington.
The trial judge erred in disallowing the six ballots in which votes were cast for defendant Keller. Since these ballots were valid and should have been counted, the official count should show that defendant Keller received 484 votes, while plaintiff Meyer received 481 votes.
Defendant contends that the trial judge erred in ordering a new election to be held on December 8, 1979.
Although the trial judge ordered a new election because of the closeness of the vote, he expressed concern about fourteen (14) ballots, upon which he did not rule specifically. The following observations were made:
"Now, we get over to the items which were not rule upon D-1, P-1, and D-1, and D-2, and P-22 through P-34. Now, these ballots all set up a pattern that there were no (sic) secrecy in the Clerk's office for absentee voting; also, there was a pattern that these voters would name one person, and then the entire card would be filled out by someone else. So, possible, (sic), 14 out of the 17 ballots could be disallowed, regardless of who they'd be for."
After hearing oral arguments and carefully examining the record, we cannot say with certainty that the record supports the trial judge's observation that such a pattern was established.[1]
Also, we believe it is pertinent to this inquiry to observe the recent decision of our Supreme Court in Moreau v. Tonry, 339 So.2d 3 (La.1976) wherein it was stated:
"The statutory rule in Louisiana is that an election may be upset only if the one contesting the election can show that `but for irregularities or fraud he would have been nominated' . . ."
The four voters whose ballots allegedly set up a pattern of unauthorized assistance, (Lethel Griffin, Leroy Hayes, Jimmy Smith, and Leo Hayes) testified that they intended to vote for Mr. Keller and, did in fact, vote for Mr. Keller. Therefore, it is clear to us that the plaintiff has not shown that "but for irregularities" he would have been elected.
Because of the closeness of the election, the trial court ordered the two candidates to run again on December 8th. In his oral reasons, the judge said:
"Now, I have been asked to declare a winner. But, I really think the voters should decide this, and I'm going to order these two candidates go back to the poles (sic) . . . and, I believe its December 8th, and that they have a real run."
The trial court committed error in calling for a new election. The only legal basis for calling a new election is stated in R.S. 18:1432 wherein it says:
"The final judgment in an election contest shall declare the election void if: (1) it is impossible to determine the result of election, or (2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result in the election, if they had been allowed to vote, or (3) the number of unqualified voters who were allowed to vote by the election officials was sufficient to change the result of the election if they had not been allowed to vote, or (4) a combination of the factors referred to in (2) and (3) herein would have been sufficient to change the result had they not occurred."
This statute is not applicable in the case that is before us. It is not "impossible" to determine the result of this election. By an *640 examination of each of the contested votes, this court can determine whether or not a particular vote is valid or invalid. An examination of the disputed votes and a proper adjustment thereof, along with the actual determination of the election, is mandated by R.S. 18:1431 which states:
"When the court finds that one or more of the votes cast in a contested election are illegal or fraudulent, the judge shall subtract such vote or votes from the total votes cast for the candidate who received them if the contest involves election to office, or from the total vote for or against a proposition, if the contest is of an election upon a proposition. If the court determines that legal votes cast in the election were excluded in the total votes cast on a candidate or proposition, then these excluded legal votes shall be added to the total votes on the candidate or the proposition to which they are attributable. Thereafter, and after considering all the evidence, the court shall determine the result of the election."
Therefore, it was error to call a new election because of the closeness of the election. It was the trial judge's duty to examine the validity of the votes in dispute and determine the result of the election.
As previously mentioned, the six votes that were invalidated by the trial court cast for defendant Keller must be counted in the election.
We conclude that, with the proper recount of absentee votes, the final vote totals are as follows:
 McKinley "Pop" Keller 484
 Rev. Smith J. Meyer 481
For the above and foregoing reasons, judgment of the trial court is reversed. McKinley "Pop" Keller is declared to be elected to the office of Police Juror, District 12 in Avoyelles Parish.
Costs of the trial court and of this appeal are assessed against the plaintiff-appellee.
REVERSED AND RENDERED.
NOTES
[1] The record reflects actual trial testimony as to only four (4) absentee ballots of the "14 out of the 17 ballots" referred to by the trial judge.